AMERICAN BANK *versus* HENRY COOPER, JR.

When the steps mentioned in § 2,* of c. 284, of the Public Laws of 1865, have been regularly taken, the surrender of the charter is effected, though no notice of it is published as required by § 3.†

Chapter 37 of the Special Laws of 1866‡ extended the time for the American Bank to close its concerns to January, 1867, and allowed the receivers such time within that period, for the discharge of their duties, as the Supreme Judicial Court should deem necessary.

By the several statutes and the proceedings under them, notwithstanding the surrender of its charter, the legal capacity of the bank to maintain actions for the conversion of its assets within the time specified by law, remained unimpaired.

The injunction upon the bank and the appointment of receivers did not incapacitate the bank for maintaining actions for the collection of debts due it in its own name, at the instance of the receivers.

The receivers need not be sworn.

---

* SECTION 2.   (As amended by the statute of 1865, c. 284, § 1.) Any bank in this State is hereby authorized by a vote of the owners of a majority of its stock, at any meeting of the same duly called, to surrender its charter; and any banking company so surrendering its charter shall continue in its corporate capacity for the term of two years from the time of filing notice with the Secretary of State of the vote to surrender its charter, which notice shall be in writing, certified by the clerk of the corporation, and filed with the Secretary of State within thirty days from the passage of the vote; and for such term of two years, such banking company shall retain all the powers necessary for collecting debts due the corporation, for selling and conveying its property, or for finally closing its concerns.

† SECT. 3.  Any bank surrendering its charter shall publish for twelve weeks successively in some newspaper printed in the county, where said bank is located, and in some newspaper published in the city of Boston, a notice of the surrender of its charter and of the time when its liability to redeem its bills will expire; and the publication of this notice shall commence within two months from the date of the vote to surrender.

‡ Special Laws of 1866, c. 37.   The corporate powers of the American Bank at Hallowell are hereby continued for two years from the fifth day of January, 1867, for the purpose of collecting the debts due said bank, and paying the just claims against the same; and the receivers of said bank, appointed by the Supreme Judicial Court, shall have such time as the Court may allow, for the discharge of the duties imposed upon them by law, within the time aforesaid.

ON REPORT.

ASSUMPSIT against the defendant as indorser of a promissory note. The plaintiffs introduced note and protest. Thereupon the defendant introduced the petition for an injunction upon the plaintiff bank, dated Sept. 6, 1865; the injunction, dated Sept. 12, 1865; the stockholders' vote to surrender their charter, dated Dec. 26, 1864; copy of the certificate of surrender, filed with the Secretary of State Jan. 5, 1865; and the Boston Advertiser, containing notice of the surrender.

Plaintiffs then put in the appointment of receivers, dated Sept. 1865; an application by the receivers, dated March, 1866, for an extension of time for converting the assets of the bank and making their final report; and an order extending the time one year from Sept. 12, 1866.

*H. K. Baker*, called by the plaintiffs, testified that he was one of the receivers of the American Bank, and that this suit is prosecuted by the receivers for the benefit of the bank. It was admitted that the receivers were not sworn. The Court to enter such judgment as the law and evidence required.

*J. Baker*, for the plaintiffs.

*A. G. Stinchfield*, for the defendant.

A corporation's right to sue and be sued ceases when the corporate rights are extinguished by repeal of their charter or otherwise. *Crease* v. *Babcock*, 23 Pick., 334; *Read* v. *Frankfort Bank*, 23 Maine, 318; *Whitman* v. *Cox*, 26 Maine, 335.

Plaintiffs' power ceased when its liabilities ceased, which was two years from the time certificate of surrender was filed with Secretary of State, i. e. Jan. 5, 1867.

The injunction could in no sense prevent the operative force of the surrender. Surrender of a charter is a statute mode of repealing it.

The legislative extension of time excepts "such as were in the hands of receivers."

American Bank *v.* Cooper.

The receivers should have been sworn. Laws of 1858, c. 24; R. S., c. 2, § 46; Const., Art. 9, § 1; 3 Greenl., 372. Spec. Laws of 1866, c. 37, does not affect the exception mentioned in the Act of 1863.

DICKERSON, J.—Assumpsit against the defendant as indorser. The requirements of the law with regard to demand and notice appear to have been complied with, and the action is maintainable if the bank, as a corporation, has the legal capacity to maintain a suit at law.

As the vote of the stockholders of the bank, surrendering its charter, was duly filed with the Secretary of State, and an injunction issued, and receivers were appointed before this action was commenced, the counsel for the defendant argues that the bank has lost its legal capacity to maintain this action, and that no action can be maintained in its name by the receivers.

1. The surrender of the bank charter.

Section 2 of c. 217 of the statutes of 1863, as amended by § 1 of c. 284 of the statutes of 1865, provides that the owners of a majority of the stock of a bank, may vote to surrender their charter, at a meeting duly called for that purpose, and that the corporate capacity of such bank shall continue for the term of two years from the time of filing a written notice of such surrender, certified by its clerk, with the Secretary of State, within thirty days from the passage of the vote. When these steps have been taken, the surrender of the charter is effected, though no notice of the surrender is published, as required by § 3. The publication of the notice forms no element in the process of surrendering the charter, but is simply declarative of that fact. The bank cannot avail itself of its omission to comply with the requirement in regard to the publication of notice of an act, in order to defeat its validity, when such act is valid without such publication.

The time allowed for the bank to close up its business would have expired in January, 1867, but for c. 37 of the

special laws of 1866, which extended the time to Jan. 5, 1869, and allowed the receivers such time within that period, for the discharge of their duties, as the Supreme Judicial Court should deem necessary. At the August term of the Court in the county of Kennebec, for 1866, the time for converting the assets of the bank into available funds, by the receivers, was extended to Sept. 12, 1867. By these several statutes, and the proceedings under them, notwithstanding the surrender of its charter, the legal capacity of the bank to maintain actions for the conversion of its assets, within the time specified by law, remained unimpaired.

2. The injunction and appointment of receivers.

These considerations do not incapacitate the bank for maintaining actions in its own name, at the instance of the receivers. R. S., c.47, § 67. Nor does the omission of the receivers to be sworn vitiate their proceedings. They are appointed by the Court, and are the officers of the Court. The statute does not require them to be sworn. Their proceedings are subject to revision by the Court, and the oath may be dispensed with for the same reason that it is not required in the case of assessors of damages, or a master in chancery appointed by the Court.

The defendant must be defaulted for the amount of the notes. *Judgment, also, follows for the plaintiff in the other actions, —*

*American Bank* v. *Henry Cooper, jr., et. al.; American Bank* v. *Henry Cooper, jr.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and TAPLEY, JJ., concurred.