MOLLIE C. BEALL v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

(Filed July 30, 1898.)

APPEAL—*Review—Assignment of Errors.* Where the appellant fails to assigns as error the overruling of a motion for a new trial in the petition in error, no question is properly presented in this court to review errors alleged to have occurred during the progress of the trial in the court below.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Frank Dale, District Judge.*

*John D. DeBois* and *Allen & Ebey,* for plaintiff in error.

*Cotteral & Hornor,* for defendant in error Mutual Life Ins. Co. of New York; *S. L. Overstreet* and *Herod & Widmer,* for defendant in error Guthrie National Bank.

Action by Mollie C. Beall against the Mutual Life In-

surance Company of New York and others. Judgment for defendants. Plaintiff brings error. Affirmed.

Opinion of the court by

HAINER, J. This was an action brought by the plaintiff in error in the district court of Logan county, Oklahoma Territory, to recover of the Mutual Life Insurance Company of New York the sum of $800 on a paid-up insurance policy issued to F. M. Beall, the deceased husband of the plaintiff in error. J. W. McNeal and the Guthrie National Bank were made parties defendant to the petition. The Guthrie National Bank had possession of the policy, and claimed a certain interest therein, by virtue of an assignment by Fred Beall for the purpose of securing a loan made by the bank to Beall.

The insurance company, in its answer, admitted the full amount of the indebtedness, asked the court to determine the lawful and rightful owners of the amount due upon said policy, and that it be allowed to pay said amount into court, and be relieved from any further liability upon said policy. Harry W. Pentecost claimed that Fred Beall was indebted to him in the sum of $300 on account of a note that he paid as surety to the Guthrie National Bank, and as security for the payment of the amount he claimed a lien upon said insurance policy by virtue of an agreement made with the said Fred Beall.

Upon these issues the case was tried by the court. The court found that the defendant, the Mutual Life Insurance Company of New York, was indebted to the defendant, the Guthrie National Bank, the defendant, Harry W. Pentecost in his individual capacity, and the plaintiff, Mollie C. Beall, in the sum of $800 on account of the policy of insurance sued on in this case. The court made

the following order: "That the Mutual Life Insurance Company of New York pay into court the sum of $800, and that the said $800 be, by the clerk of said court, paid in the following order: First; costs of this action; second, to the Guthrie National Bank the sum of $421; third, to Harry W. Pentecost, in his individual capacity, the sum of $375; and, fourth, any balance remaining after payment of said sums to be paid to the plaintiff, Mollie C. Beall." It was further ordered and decreed by the court: "That the said defendant, the Mutual Life Insurance Company of New York, be relieved and discharged from any further liability on account of the insurance policy sued upon in this action." Motion for new trial was filed by the plaintiff, which was overruled by the court, to which ruling of the court the plaintiff excepted, and brings the cause to this court on appeal for review.

The plaintiff in error assigns 13 errors in her petition in error, upon which she seeks a reversal of the judgment of the lower court. Every assignment of error relates to certain errors alleged to have been committed by the court during the progress of the trial. The same errors were assigned in the motion for a new trial which were overruled by the trial court. It nowhere appears from the various errors assigned in the petition in error that the overruling of the motion for a new trial is assigned as one of the errors in this court. Where the appellant fails to assign as error the overruling of a motion for a new trial in the petition in error, no question is properly presented in this court to review errors alleged to have occurred during the progress of the trial in the court below.

This same question has been before the supreme court

of Kansas in a number of well-considered cases, and it has been uniformly held by that court that errors occurring during the trial cannot be considered by the supreme court, unless a motion for a new trial, founded upon and including such errors, has been made by the complaining party, and acted upon by the trial court, and its ruling excepted to, and afterwards assigned for error in the supreme court. (*Binns v. Adams*, 54 Kan. 615, 38 Pac. 792; *Clark v. Schnur*, 40 Kan. 72, 19 Pac. 327; *Cogshall v. Spurry*, 47 Kan. 448, 28 Pac. 154; *Carson v. Funk*, 27 Kan. 524.) No available error having been assigned or argued in the brief of counsel for plaintiff in error, and no substantial error appearing in the record, the judgment of the district court is affirmed.

All of the Justices concurring.