## NOBLE WHITEACRE v. CLARA E. NICHOLS.

(Filed September 6, 1906.)

1. **CASE MADE—Extending Time—Powers of Judge.** The presiding judge of a district, either at chambers or while sitting as a court: or the judge who tried the case, if clothed with authority by assignment, while in the district, may extend the time in which to make and serve a case made.

2. **PLEADING AND PRACTICE— Exhibits—General Demurrer.** Where the instrument, which is the basis of the action, is attached, by copy, to the petition and made a part thereof, such copy should be made a part of the petition when construing the allegations thereof as against a general demurrer.

3. **NEW TRIAL—Motion for—Necessary Precedent to Appeal.** Where the appellant fails to assign, as error, the overruling of the motion for a new trial, in the petition in error, no question is properly presented in this court to review errors alleged to have occurred during the progress of the trial in the court below.

4. **DEMURRER—General—Overruled, When.** In replevin, by mortgagee petition held not subject to general demurrer, because it fails to allege condition broken in chattel mortgages, and that the notes were due, since the mortgages were attached to the petition and made a part thereof, and contained copies of the notes showing they were past due at the time the suit was instituted; also, the condition that upon default in payment of note, mortgagee was entitled to possession.

(Syllabus by the Court.)

*Error from the District Court of Lincoln County; before Bayard T. Hainer, Trial Judge.*

J. B. A. Robertson, for plaintiff in error.

S. D. Decker & V. S. Decker, for defendant in error.

Opinion of the court by

GARBER, J., This is an action in replevin brought in the district court of Lincoln county by Clara E. Nichols, plaintiff v. Alva Martin and Noble Whitacre, defendants, for the recovery of the possession of 31 head of neat cattle. Alva Martin, one of the defendants and the mortgagor, made no appearance, and Noble Whiteacre, the other defendant, entered a general denial.

A jury being waived, and the cause submitted to the court, the issues were found in favor of the plaintiff, (Defendant in error), and a judgment given in the alternative that the plaintiff recover the possession of 18 head of cattle described in plaintiff's petition, and if a return thereof could not be had, then, for their value in the sum of $324.00, and costs of suit.

The record shows that the case was tried at the May, 1905, term of the district court of the first judicial district in and for Lincoln county, before Hon. Bayard T. Hainer, presiding judge; and that the time to make and serve a case made was by the court extended 90 days. That thereafter, on the 9th day of August, 1905, at his chambers, the time was further extended 30 days, by Hon. John H. Burford, judge of that district.

Objection is raised to the consideration of this case by this court upon the ground that the Hon. John H. Burford, the regular presiding judge of said district, not being the trial judge, did not have power to extend the time for making and serving case made.

Section 544 of Wilson's Statutes, provides:

"The court or judge may upon good cause shown extend the time for making a case and the time which the case may be served;******".

The above section gives the court, while in session or the judge of the court, power to grant the extension. In this case Hon. Bayard T. Hainer, was the trial judge, while Hon. John H. Burford was the judge of the court, the regular appointed and acting judge of the district court of that county, and in possession of the office, and as such, he had power to grant the extension at chambers. *Hulne, et al. v. Diffenbacker,* 53 Kans. 181, 36 Pac. 60·: *R. R. v. Leeman,* 5 Kans. App. 804, 48 Pac. 932; *Wallace v. Caldwell,* 50 Pac. 379.

Defendant below filed his motion for a new trial, which was overruled and excepted to, but the overruling of the motion is not assigned as error in the petition in error in this case. Hence, the numerous assignments of error alleged to have occurred during the progress of the trial in the court below, are not properly presented in this court, for review.

It has been repeatedly held by this court, that errors occurring during the trial are not properly presented for consideration, unless a motion for new trial setting forth such errors has been made by the complaining party, acted upon by the trial court, its rulings excepted to, and afterwards assigned as error in the supreme court. *Beall v. Ins. Co.,* 7 Okla. 285; *Minton v. Shuttee, et al.,* 11 Okla. 31, and cases therein cited.

The overruling of the demurrer to plaintiff's petition, however, having been assigned as error in the petition in error, is properly here by transcript, and may be considered.

In her petition, plaintiff alleged that she was the qualified owner of the cattle in controversy, describing them; that her qualified ownership was by virtue of two chattel mortgages, executed on the 13th and 16th day of January, 1904, by one of the defendants below, Alva Martin, to the plaintiff, to secure the sum of $742.25, copies of said mortgages being set out in full, attached, marked exhibits "A" and "B" respectively, and made a part of the petition; that she was entitled to the immediate possession of the property, and that the defendants wrongfully detained the possession thereof from the plaintiff; then followed prayer for judgment for the possession, and damages for wrongful detention.

It is insisted that the petition herein is fatally defective, in that it did not alleged condition broken, and that the notes for which the mortgages were given as security, were due.

On demurrer to a petition, as defective, in that it does not state facts sufficient to constitute a cause of action, the petition should be liberally construed with a view to substantial justice between the parties; and a demurrer will only be sustained where the petition presents defects so substantial and fatal as to authorize the court to say, that: Taking all the facts to be admitted, they furnish no cause of action whatever.    If the facts stated in the complaint entitled the plaintiff to any relief, a demurrer for want of sufficient facts should be overruled.    6 vol. P. & Prac. 346; 4 vol. P. & Prac. 749; and cases cited therein.

Under our civil procedure adopted from the state of Kansas, with the construction placed thereon, the chattel mortgages were a part of the petition, the same as if set out in full when tested by general demurrer. *Grimes v. Cullison,* 3 Okla.

268; *Ward v. Clay,* 23 Pac. 50; *Budd v. Cramer,* 14 Kans. 101; *State v. School District No. 3,* 34 Kans. 237, 8 Pac. 208.

The plaintiff alleged ownership by virtue of two chattel mortgages which were attached to, and made a part of her petition. The mortgages contained copies of the notes showing they were past due at the time the suit was instituted, and no presumption exists that they had been paid, one note for $318.25 due Apr. 13, 1904, and one note for $424.00 due April 16, 1904, the petition being filed August 8, 1904. The mortgages also contained the provision:

"And the said mortgagor hereby covenants and agrees to and with the said mortgagee, that in case of default made in the payment of the above mentioned promissory note, etc., the mortgagee, or his agent, may take immediate possession of the above goods and chattels."

"In our statutory action of replevin the gist of the action is wrongful detention of the property in controversy on the part of the defendant as against the plaintiff. And the plaintiff in order to maintain the action must plead and prove *** First, that he owns or has a special ownership or interest in the property: Second, that he is entitled to the immediate possession of the same, and third, that the property is wrongfully detained by the defendant. The defendant can not wrongfully detain property as against the plaintiff unless all of these facts exist." *Wilson v. Fuller,* 9 Kans. 176; *Robb v. Dobrinski,* 14 Okla 563.

Plaintiff in error was not the mortgagor, and his possession was wrongful at all times as to the mortgagee under the terms of the mortgage. Although we think it the better practice, it was unnecessary to allege specifically in the petition the non-payment of the notes and a breach of any of the conditions of the mortgages, inasmuch as they were made a part

of the petition, and it fully appeared from the mortgages themselves that at least one of the conditions had been broken by the mortgagor making default in the payment of the notes. *Wilkins v. Moore,* 20 Kans. 538; *Chaffee v. Browne,* 109 Calif. 211, 41 Pac. 1028; *Baldwin v. Boyce* (Ind. Sup.) 51 N. W. 334; *Johnson v. Anderson,* 60 Kans. 578, 57 Pac. 513.

The notes being past due and unpaid, one of the conditions in the mortgages was broken, and the mortgagee was then entitled to the possession of the property. *Bearss v. Preston,* 66 Mich. 11, 32 N. W. 912; *Johnston v. Roebuck,* 104 Iowa. 523, 73 N. W. 1062; Cobby on Chattel Mortgages, (Vol. 2), 1069.

It is insisted that from the petition the defendant could not ascertain upon what grounds the plaintiff relied for her right to possession. In view of the fact that the plaintiff alleged a qualified ownership by virtue of two chattel mortgages which were attached to, and made a part of the petition, containing copies of the notes showing default in payment and condition broken, we are unable to see anything in that contention; and while we do not hesitate to express our disapproval of the degree of carelessness exhibited by the petition in this case, the defendant should have filed his motion to make more definite and certain. Having failed to do so, he can not now be heard to complain that he was unable to proceed intelligently because of his failure to invoke a proper remedy. Defects of form, of averment, or uncertainty cannot be considered upon general demurrer. The petition, with the exhibits attached, and made a part thereof, stated a cause of action, and there being no other assignment of error

properly presented to this court, the judgment of the district court will be affirmed.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.