## KIMBRIEL v. MONTGOMERY.

No. 842.   Opinion Filed May 9, 1911.

1.   **APPEAL AND ERROR—Assignment of Error—Scope of Review.**
Where plaintiff in error fails to assign as error the overruling of
the motion for a new trial in the petition in error, no question
is properly presented in this court to review errors alleged to
have occurred during the progress of the trial in the court below.

2.   **LANDLORD AND TENANT—Relation of Lessor and Sublessee.**
As between the lessor and sublessee of the or'ginal lessee there
is neither privity of estate nor privity of contract; the lessor can-
not sue the sublessee upon the lessee's covenant to pay rent.

(Syllabus by the Court.)

*Error from Bryan County Court; Chas. A. Phillips, Judge.*

Action by W. G. Montgomery against A. L. Kimbriel. Judg-
ment for plaintiff, and defendant appeals.   Affirmed.

*Edward Howell, J. T. McIntosh,* and *C. B. Cochran,* for de-
fendant in error.

*Crook & Kyle,* for plaintiff in error.

TURNER, C. J.   On December 4, 1909, W. G. Montgomery,
defendant in error, sued A. L. Kimbriel, plaintiff in error, in the
county court of Bryan county.   His petition substantially states
that on July 1, 1907, he and defendant entered into a certain
lease, which he filed as an exhibit, whereby defendant leased of
him a certain business house in Shawnee, Oklahoma, therein de-
scribed, for a term beginning August 1, 1907, and ending July
31, 1908, for $75 per month, payable monthly in advance; that
defendant took and held possession thereunder until the expira-
tion of his term, at which time there was due and unpaid thereon
the rent for May, June, and July, 1908, except $15 which was
paid; that it was stipulated in said lease that at the expiration
thereof defendant would return the property in as good condition
as the same was at the time said lease was executed, "wear and
tear and inevitable accident and loss by fire excepted;" that during
the term a glass was broken out of the front window; that the

same was not the result of an inevitable accident or caused by usual wear and tear or by fire; that defendant has failed and refused to replace the same or pay therefor—to plaintiff's damage $11.50 for said glass and $210 for rent, in all the sum of $221.50.

For answer defendant admitted the execution of the lease, but denied said damage. For further answer he pleaded that he retained possession thereof under said lease until about February 8, 1908, about which time he subrented the same to one——— for the balance of his term at the rate of $60 per month, at which time said ——— agreed to surrender possession of the premises to him on July 30, 1908; that, according to the terms of said contract, said ——— was to conduct a confectionery business in the premises; that plaintiff well knew that said business was to be so conducted for the remaining portion of defendant's term and agreed to the same, but, on being informed of the amount of rent agreed upon between defendant and ———, he refused to permit said transaction to be consummated and forbade defendant to sublet the said premises to ———, and so notified him; that thereupon defendant abandoned the premises and refused to occupy the same further as tenant of plaintiff. He further pleaded that by reason of plaintiff's refusal to let him so sublease said building he was damaged in the sum of $360; and, further, that after he had surrendered said premises to plaintiff, through a mistake of fact, he paid plaintiff $150, believing that said amount would be due him upon the expiration of their contract had plaintiff permitted him to sublet said premises as stated, but that the true amount would have been $90 only upon the expiration thereof—leaving a balance due from plaintiff to defendant of $60, for which he prays judgment. To this part of the answer plaintiff demurred, and the same was sustained, after which there was trial to a jury and judgment for plaintiff as prayed, and defendant brings the case here.

As the overruling of defendant's motion for a new trial is not assigned as error in the petition in error, the only error therein assigned which we can review is that the court erred in sus-

taining said demurrer. *Noble Whitaker v. Clare E. Nichols,* 17. Okla. 387; *Martin et al. v. Gassert,* 17 Okla. 177.

Assuming, but not deciding, that by virtue of the terms of the lease defendant had a right to sublet the premises, the answer fails to state facts sufficient to bar a recovery for rent, and the demurrer thereto was properly sustained. The theory of the answer is that, inasmuch as said right existed and had been exercised, the burden of paying the rent was thereby shifted from the defendant lessee to his said sublessee, after which defendant had a right to abandon the premises and require plaintiff to look to the sublessee for his rent. Not so. A subletting by the lessee, though of right and assented to by the lessor, would have in no way affected their respective liabilities under the lease. By such a sublease the lessee would not have escaped liability to plaintiff for rents accrued or accruing under the lease. 18 Am. & Eng. En. Law, p. 684, and cases cited. As between the lessor and the sublessee of defendant there would have been no privity of estate nor privity of contract; the lessor could not have sued the sublessee upon defendant's covenant to pay rent. 1 McAdam on Land. & Ten., p. 858, and cases cited. Besides, as the lease contains a covenant that the house should be used as a drug store only, and the answer shows it was intended to be subject to be used in carrying on the "confectionery business," plaintiff was clearly within his rights in refusing to recognize the sublessee and refusing to permit the transaction to be consummated. Surely, as stated by Johnson, J., speaking of a lessor in a similar situation, in *Godfrey v. Black* (Kan.) 17 Pac. 849:

"He has a right to insist that the covenants of the lease shall be observed and that the premises shall be used only for the purposes agreed upon."

Affirmed.

All the Justices concur.