## ADAMS v. NORTON et al.

No. 3017.  Opinion Filed February 28, 1914.

(139 Pac. 254.)

**APPEAL AND ERROR**—Presentation for Review—Errors at Trial—Denial of New Trial. Where plaintiff in error fails to assign as error, in his petition in error, the overruling of a motion for a new trial, no question which seeks to have reviewed errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court, and such alleged errors cannot, therefore, be considered.

(Syllabus by Sharp, C.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Action by Louisa Adams against W. L. Norton, J. H. Elkins, Isaac Cohn, W. V. French, J. B. Hoge, and Henson Oil Company. From an adverse judgment, plaintiff brings error. Affirmed.

*Eugene B. Lawson,* for plaintiff in error.

*James A. Veasey* and *L. A. Rowland,* for defendant in error Henson Oil Company.

*W. J. Campbell,* for defendants in error French and Hoge.

Opinion by SHARP, C.  Plaintiff in error, in her petition in error, assigns errors committed by the trial court in the following particulars: (1) Error in rendering judgment in favor of defendants French, Hoge, and Henson Oil Company, and against plaintiff for costs; (2) error in not rendering judgment in favor of plaintiff and against defendants; (3) error in finding, as a matter of law, that plaintiff was not entitled to recover against said last-named defendants; (4) that the judgment is contrary to law; (5) that the judgment is contrary to the evidence; (6) that the judgment is contrary to both the law and evidence; (7) because of divers other errors appearing in the record.

A motion for a new trial was filed and overruled, to which plaintiff excepted, but the action of the court in overruling said motion for a new trial has not been assigned as error in the petition in error in this court, and therefore none of the matters urged in her brief can be considered. All of the errors assigned are those charged to have occurred during the progress of the trial, and it is a rule well established that, where the plaintiff in error fails to assign as error the overruling of her motion for a new trial, in her petition in error, no question which seeks to review errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court. *J. J. Douglas Co. v. Sparks,* 7 Okla. 259, 54 Pac. 467; *Beall v. Mutual Life Ins. Co.,* 7 Okla. 285, 54 Pac. 474; *Martin et al. v. Gassert,* 17 Okla. 177, 87 Pac. 586; *Whiteacre v. Nichols,* 17 Okla. 387, 87 Pac. 865; *Kimbriel v. Montgomery,* 28 Okla. 743, 115 Pac. 1013; *Meyer v. James,* 29 Okla. 7, 115 Pac. 1016; *St. Louis, I. M. & S. Ry. Co. v. Dyer,* 36 Okla. 112, 128 Pac. 265.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.