## BEUGLER *et al.* v. POLK.

No. 4414. Opinion Filed May 11, 1915.

(148 Pac. 990.)

**APPEAL AND ERROR—Presentation for Review—Denial of New Trial.**
Where plaintiff in error fails to assign as error, in his petition in error, the overruling of a motion for a new trial, no question which seeks to have reviewed errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court, and such alleged errors cannot therefore be considered.

(Syllabus by Watts, C.)

*Error from Superior Court, Pittsburg County;*

*W. C. Liedtke, Judge.*

Action by W. A. Polk against John C. Beugler and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Harley & Miller,* for plaintiff in error.

*W. J. Hulsey,* for defendant in error.

WATTS, C. This is an action commenced in the superior court of Pittsburg county on the 10th day of November, 1911, by W. A. Polk, the defendant in error and plaintiff below, against John Beugler and Beno Beugler, plaintiffs in error and defendants below. It also appears that W. A. Polk sued J. B. Beugler in the same court, and that the two cases were consolidated. The parties will therefore be referred to as they appeared in the trial court. The consolidated cases were tried to the court without the intervention of a jury on the 6th day of July, 1912, which resulted in judgment for the plaintiff against the defendants. July 9, 1912, the defendants filed a motion for a new trial, in which it is

stated: First, that the decision of the court is contrary to law; second, that the decision of the court should have been in favor of the defendants, sustaining their contention that their lien was superior to that of the plaintiff's mortgage; third, that the decision of he court should have been in favor of the defendants and against the plaintiff. The motion for a new trial was heard and overruled July 29, 1912, from which judgment the defendants appeal.

The defendants' assignments of error are verbatim the same as set up in the motion for a new' trial; but they failed! to allege the overruling of their motion for a new trial. Therefore none of the matters urged in their brief can be considered. All of the errors assigned are those charged to have occurred during the progress of the trial, and it is a rule well established that, where the appellants fail to assign as error the overruling of the motion for a new trial in the petition in error, no question which seeks to review errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court. *Adams v. Norton et al.,* 41 Okla. 497, 139 Pac. 254; *J. J. Douglas Co. v. Sparks,* 7 Okla. 259, 54 Pac. 467; *Beall v. Mutual Life Ins. Co.,* 7 Okla. 285, 54 Pac. 474; *Martin et al. v. Gassert,* 17 Okla. 177, 87 Pac. 586; *Whiteacre v. Nichols,* 17 Okla. 387, 87 Pac. 865; *Kimbriel v. Montgomery,* 28 Okla. 743; 115 Pac. 1013; *Meyer v. James,* 29 Okla. 7, 115 Pac. 1016; *St. Louis, I. M. & S. Ry. Co. v. Dyer,* 36 Okla. 112, 128 Pac. 265; *Jennings Co. v. Dyer et al.,* 41 Okla. 468, 139 Pac. 250.

For the reason herein set out, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.