## In re McGANNON'S ESTATE.

No. 4562. Opinion Filed June 22, 1915.

On Petition for Rehearing, July 27, 1915.

(150 Pac. 1109.)

1.     **APPEAL AND ERROR—Overruling of Motion for New Trial—Failure to Assign as Error.** Where the plaintiff in error fails to assign as error the overruling of a motion for a new trial in the petition in error, no question is properly presented to this court to review errors alleged to have occurred during the progress of the trial.

2. **EXECUTORS AND ADMINISTRATORS—Expenditures—Attorney's Fees—"Debt of Estate."** The fees of an attorney, employed by a personal representative of a decedent in the business of the estate, are not strictly debts of the estate, but if such services are necessary and the charges reasonable, for work actually done, they are proper credits to be allowed in the settlement of the accounts of the personal representative.

3. **SAME—Allowance of Accounts—Review.** In such case, where the question of necessity and reasonableness of such fees is tried in the district court on appeal from an order of the county court allowing them, and on the hearing in the district court evidence is introduced, and the district court refuses to allow them, this court cannot review the judgment of the district court, in the absence of an assignment of error for overruling the motion for new trial.

4. **SAME—Exceptions.** Where, in an account filed by an administrator in the county court in 1909, certain credits are claimed by the administrator, but it nowhere appears in the record on appeal to this court that the county court has ever approved such account, persons interested in the estate are not estopped from excepting to any item in such account at a future accounting by the administrator.

5. **SAME—Account—Disallowance of Claims — Discretion of Trial Court.** Where two credits for commissions are claimed by an administrator, one for $9,449.02, embraced in an account filed in the county court in 1909, but never approved by that court, and the other for $310.54, for commissions claimed to have been earned since that time, **held**, that the administrator is entitled to commissions on that part of the estate fully administered, but that as regards the item of $310.54, in the absence of an assignment of error in overruling the motion for a new trial, this court cannot review the error, if any was committed, as the court may have proceeded on the theory that the estate was not fully administered.

   **Held**, further, in regard to the item of $9,449.02, that as the court did not adjudge that the administrator was not entitled to these commissions, or that the amount was too large, but leaves the question open until a future settlement, such action is not an abuse of discretion and will not be reversed.

(Syllabus by Devereux, C.)

*Error from District Court, Tulsa County;*

*L. M. Poe, Judge.*

*In re* Estate of James G. McGannon, deceased. Exceptions filed by Peter McGannon to the account of an

administratrix were overruled in the county court, and on the exceptor's appeal were overruled in part and sustained in part, and Alice S. McGannon brings error. Affirmed.

This was an appeal from the county court of Tulsa county, from a judgment of that court overruling exceptions filed to the account of an administratrix. The exceptions were filed in the county court by Peter McGannon, one of the heirs at law of the intestate, and are as follows:

"Exception 1. Item of credit, taken by the administratrix, May 10th, as per voucher No. 6, to cash paid Johnson, Rule & Allen, for retainer, $500, as said expense is not authorized by law as an expenditure separate from compensation of the administratrix, and is excessive and unreasonable.

"Exception 2. Item for expenses paid Virgil Rule, as per voucher No. 7, May 10, 1909, $27.35, for the reason that said expense is unreasonable and not authorized by law.

"Exception 3. Credit on October 22, 1909, as per voucher No. 12, cash paid Johnson, Rule & Allen, on account for services, for the reason that same is unreasonable, and not authorized by law.

"Exception 4. Credit on October 6th for cash to Johnson, Rule & Allen, balance services to November 1, 1909, as per voucher No. 14, $5,000, for the reason that same is unreasonable and not authorized by law.

"Exception 5. Item of November 26, 1909, as per voucher No. 19, $1,000, paid R. W. Kellough, for the reason that same is not authorized by law.

"Exception 6. Item November 26, 1909, for commissions as per voucher No. 17, $9,449.02, for the reason that same is excessive, and not authorized by law.

"Exception 7. Item November 26, 1909, cash paid Virgil Rule, as per voucher No. 18, $36.03, for the reason that same is excessive and not authorized by law.

"Exception 8.. Your exceptor excepts to the insufficiency of the charge November 26, 1909, as shown by the annual settlement in 1911, at $352,572.28, for the reason that said balance was figured upon incorrect credits of the statement and settlement, and made as it is on credits which are specifically pointed out in the preceding exceptions.

"Exception 9. Item of February 4, 1910, expenses to Virgil Rule, as per voucher No. 10, $130.06, for the reason that same is unauthorized by law and is excessive.

"Exception 10. Item September 30, 1910, money paid Missouri administratrix, as per voucher No. 13, $43,490.89, for the reason that same is unauthorized by law and any order of this court.

"Exception 11. Item of September 11, 1910, as per voucher No. 14, paid Virgil Rule, $65.30, for the reason that same is excessive and not authorized by law.

"Exception 12. Item October 17, 1910, as per cash paid J. H. Berry, voucher No. 17, $2,500, for the reason that same is excessive and not authorized by law.

"Exception 13. Item December 31, 1910, cash paid Virgil Rule, as per voucher No. 25, $5,000, for the reason that same is excessive and not authorized by law.

"Exception 14. Item December 31, 1910, commissions on $12,821.64, as per voucher No. 27, $320.54, for the reason that the same is excessive and not authorized by law."

The county court overruled all of these exceptions, and Peter McGannon, the exceptor, appealed to the district court on questions both of law and fact. In the district court quite an extended hearing was had, and a considerable amount of evidence taken, and the court ren-

dered its judgment sustaining the first, second, sixth, seventh, eighth, ninth, and fourteenth exceptions, sustaining exception 13 in part and overruling the other exceptions.

The case-made contains a copy of the transcript from the county court, which shows that it is the annual settlement of 1911 that was excepted to, which is the report of the administratrix from the date of her last settlement to the 6th day of January, 1911, and which was filed February 11, 1911. In it appears the various items expended by the administratrix, and which were allowed by the county court, and which appear in the exceptions above set out. This report also charges the administratrix with the sum of $352,572.28, balance due the estate, as shown by the settlement of October term, 1909, and to this balance the eighth exception is directed, on the ground that it was arrived at by allowing incorrect credits to the administratrix. Neither in the transcript from the county court, nor in the evidence preserved in the case-made, does it appear that any notice was given of the settlement at the October, 1909, term, nor does any order of the county court appear, approving this settlement. As far as the case-made before us shows, no action on this report was ever taken by the county court. To the judgment of the district court the administratrix filed a motion for a new trial, which was overruled and exceptions duly saved, and the case comes to this court on the following assignments of error:

"First. The court erred in sustaining exception No. 1 of the exceptions of M. P. McGannon to the report and settlement of said administratrix in the county court, because said charge was a fair, reasonable, and legitimate charge, and because the report of said administratrix

had been allowed by order of the county court on the 26th day of November, 1909, and was not excepted to within the time provided by law, nor until April 27, 1911.

"Second. The court erred in sustaining exception No. 2 of the exceptions of M. P. McGannon to the report and settlement of said administratrix in the county court, because the amount paid was a fair, reasonable, and legitimate charge, and because the report of said administratrix had been allowed by order of the county court on the 26th day of November, 1909, and was not excepted to within the time provided by law, nor until April 27, 1911.

"Third. The court erred in sustaining exception No. 6 of the exceptions of M. P. McGannon to the report and settlement of said administratrix in the county court, because said charge was a fair, reasonable, and legitimate charge, and because the report of said administratrix had been allowed by order of the county court of the 26th day of November, 1909, and was not excepted to within the time provided by law, nor until April 27, 1911.

"Fourth. The court erred in sustaining exception No. 7 of the exceptions of M. P. McGannon to the report and settlement of said administratrix in the county court, because said charge was a fair, reasonable, and legitimate charge, and because the report of such administratrix had been allowed by order of the county court on the 26th day of November, 1909, and was not excepted to within the time provided by law, nor until April 27, 1911.

"Fifth. The court erred in sustaining exception No. 8 of the exceptions of M. P. McGannon to the report and settlement of said administratrix in the county court, because the items shown in said settlement were correct and the credits allowed were fair, reasonable, and legitimate credits, and because the report of said administratrix had been allowed by order of the county court on the 26th day of November, 1909, and was not excepted to within the time provided by law, nor until April 27, 1911.

"Sixth. The court erred in sustaining exception No. 9 of the exceptions of M. P. McGannon to the report and

settlement of said administratrix in the county ·court, because said amount was a fair, reasonable, and legitimate charge against said estate.

"Seventh. The court erred in sustaining exception No. 14 of the exceptions of M. P. McGannon to the report and settlement of said administratrix in the county court, because the commissions therein allowed were authorized by law, and were fair, reasonable, and legitimate.

"Eighth. The court erred in sustaining part of exception No. 13 of the exceptions of M. P. McGannon to the report and settlement of said administratrix in the county court, and disallowing all of said amount in excess of $2,000, for the reason that said charge was legal and was a fair and reasonable charge for the services performed by Virgil Rule as attorney for the administratrix in said cause."

*D.llard & Blake* and *Virgil Rule,* for plaintiff in error.

*Biddison & Campbell,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). It will be noticed that the overruling of the motion for a new trial is not assigned as error, and the question arises in its absence, What is left for us to pass on in this case? In considering this question, it will be borne in mind that on appeal to the district court from the county court in probate proceedings, the trial is *de novo,* and is to be conducted in the same manner as if the case and proceedings had originated in the district court, and the district court has the same power to decide questions of fact that the county court had. Williams' Constitution of Oklahoma, sec. 201 (article 7, sec. 16); Rev. Laws 1910, sec. 6515. On such appeal, however, the issues must remain the same as those tried in the county

court, as the jurisdiction of the district court is only appellate, and no new issues can be injected into the case in the district court. *Parker v. Lewis,* 45 Okla. 807, 147 Pac. 310.

As above stated, the overruling of the motion for a new trial has not been assigned as error in this court, and this raises the question as to which of the assignments of error above set out we can consider. In *Douglas Co. v. Sparks,* 7 Okla. 259, 54 Pac. 467, it is said:

Although "a motion for a new trial be filed in the court below upon grounds for which a new trial may be granted and the motion be overruled, the Supreme Court will not consider these grounds unless, in the petition in error, the overruling of the motion for a new trial is assigned as error."

In *Beall v. Mutual Life Ins. Co.,* 7 Okla. 285, 54 Pac. 474, it is held:

"Where the appellant fails to assign as error the overruling of a motion for a new trial in the petition in error, no question is properly presented in this court to review errors alleged to have occurred during the progress of the trial in the court below."

In *Martin v. Gassert,* 17 Okla. 187, 87 Pac. 589, it is held:

"All questions assigned in the petition in error in this case for the consideration of this case, and argued in the brief of counsel for plaintiff in error as grounds for reversal, must have been, in order to be properly assignable here, set up and urged in a motion for a new trial. When the motion for new trial was overruled, this should have been assigned as error in their petition in error. Now the petition in error makes six assignments of error, but none of these assignments of error are on the ground that the court erred in overruling the motion

for a new trial. This we think is a necessary assignment of error. We think, under the holdings of this court, that it is not only necessary that the grounds for reversal should have been· set up in the motion for a new trial, but when the motion for new trial is overruled, that that should be assigned as· error, and that this is a necessary assignment of error before this court can consider errors occurring during the trial."

And the same point is decided in *Whiteacre v. Nichols,* 17 Okla. 387, 87 Pac. 865.

In *Kimbriel v. Montgomery,* 28 Okla. 743, 115 Pac. 1013, it is held:

"As the overruling of defendant's motion for a new' trial is not assigned as error in the petition in error, the only error therein assigned which we can review is that the court erred in sustaining said demurrer."

In *Meyer v. James,* 29 Okla. 7, 115 Pac. 1016, it is held:

"Where appellant fails to assign in his petition in error, as error, the overruling of a motion for a new trial, no question that seeks to have reviewed errors alleged to have occurred during the progress of the trial in the court below is properly presented to this court, and such cannot be reviewed."

And the same point is decided in *St. L., I. M. & S. Ry. Co. v. Dyer,* 36 Okla. 112, 128 Pac. 265.

In *Turner v. First National Bank,* 40 Okla. 498, 139 Pac. 703, where the petition in error failed to assign the overruling of the motion for a new trial as error, the court say:

"The only question properly raised by the petition in error is that presented by the first assignment of error, Does the petition state a cause of action?"

And see, also, *Adams v. Norton,* 41 Okla. 497, 139 Pac. 254.

We will now apply the principle declared by the above cases to the assignments of error which are set out in the petition in error.

The first assignment is that the court erred in sustaining exception No. 1 of the exceptions because the charge therein contained was a fair, reasonable, and legitimate charge, and because the report of the administratrix had been allowed by order of the county court on the 26th day of November, 1909, and was not excepted to within the time provided by law. Plaintiff in error in the brief attacks the ruling of the court on the ground that it was without jurisdiction, because these items were allowed by the county court in the settlement of November, 1909, which has become final, as it was not excepted to within the time allowed by law. Whatever force there might be in this argument, if there was a judgment of the county court rendered on notice required by law in 1909, the question is not presented to us, because, after a careful examination of the entire record, we cannot find that the county court has ever approved this settlement or made any order in regard thereto. There is no order of the county court in the record showing any approval of the settlement of 1909, and, as far as this record shows, by which, of course, we are governed, this account of 1909 had never been passed on by the county court. The authorities, therefore, cited in the brief of the plaintiff in error, to show that the judgment of the county court, unappealed from, upon an intermediate settlement, is binding, have no application, for in every one of the cases cited there had been a settlement approved by the proper court.

The plaintiff in error also relies upon the case of *Holmes v. Holmes,* 27 Okla. 140, 111 Pac. 220, 30 L. R. A. (N. S.) 920, but this case is not in point. In that case the order of the county court in question was attached to the answer as an exhibit, and the only question before the court was whether it was necessary that this order should show jurisdictional facts, this court holding that it need not. This case does not decide that the order of the county court is not necessary in order to make the judgment *res adjudicata,* nor does it decide that notice is not necessary prior to the allowing of such account, but only that it is not necessary that the judgment of the county court should show on its face the jurisdictional facts that notice had been properly given.

This disposes of the ruling of the court on exceptions numbered 1, 2, 6, and 7. If, in passing on any of these exceptions, the court erred as to the reasonableness of the charge, this is clearly an error of law occurring at the trial, which we cannot review in the absence of an assignment of error for the overruling of the motion for a new trial. And what we have decided also disposes of the second, fourth, and fifth assignments of error.

The sixth assignment of error is that the court erred in sustaining exception No. 9, filed to the report. This exception was for the allowance of $130.06, traveling expenses of Virgil Rule, one of the attorneys for the administratrix. No reason is given in the judgment of the court why this exception was sustained, but taking the rule to be, as contended for by the plaintiff in error, that the attorney for the administratrix is entitled to his reasonable expenses, we cannot say that the court committed error in rejecting the expense in this case.

In *Re Rose's Estate,* 80 Cal. 166, 22 Pac. 86, it is held by the Supreme Court of California that:

"An administrator is entitled to credit for payments for the services and traveling expenses of his attorney, not exceeding a reasonable compensation for the labor actually performed, when the same were necessary to enable him to properly perform the duties of his trust."

But we cannot pass on this question in the present state of the record, because the court below may have found that the expenses were not reasonable or proper. This, therefore, is an error, if there be one, committed at the trial, which we cannot review under the present assignments of error.

As to the action of the court in sustaining exception No. 14 to the report of the administratrix allowing her $320 commissions, the record does not disclose the reason which governed the trial court in excluding these commissions, and his judgment and finding on this point, even if erroneous, cannot be reviewed in the absence of an assignment of error for overruling the motion for a new trial.

The eighth exception is because the court reduced the attorney's fee from $5,000 to $2,000. This clearly is not before us on the record. Services of an attorney rendered the administrator in the settlement of an estate are not a debt of the estate, but, if necessary, the administrator will be allowed, in the settlement of the estate, such sums as are reasonably expended for such services, but in allowing such claims they should never exceed just compensation for such legal assistance as was necessary to enable the administrator to properly discharge the duties of his trust. *In re Moore Estate,* 72 Cal. 335, 13 Pac. 880; *In re Rose's Estate,* 80 Cal. 166, 22 Pac. 86.

In view of this principle, it is manifest that the trial court, in reducing the fee in the case at bar from $5,000 to $2,000, found that $2,000 was a just and reasonable compensation for the services rendered, and the error, if any was committed, was one arising on the trial, which, under the assignments of error, we cannot consider.

The only remaining assignment of error is the third, in regard to the commissions of the administratrix, amounting to $9,449.02, which appear in the November, 1909, settlement. There was no order of the county court approving this settlement and allowing these commissions. It will be noticed that the judgment of the court on this question is as follows:

"That the item of November 26, 1909, for commission as per voucher No. 17, to the amount of $9,449.02, is disallowed as an item of credit, and ordered stricken for the reason that such allowance is premature."

This assignment of error is open for decision in this court because the ruling of the court is apparent on the face of the record that the allowance' was premature. This judgment of the court does not pass upon the right of the administratrix to commissions, but shows that such commissions are premature at this time. It is insisted by the plaintiff in error that the administratrix was entitled to commissions on the filing of each annual settlement up to that time. The defendant contends, however, that no commissions can be allowed at all until the final settlement of the estate. We think the true rule lies between the two.

In Re Owen's Estate, 32 Utah, 469, 91 Pac. 283, it appears that there were successive administrators, and

the holding in that case is that where an estate is administered by successive administrators, compensation should be apportioned among them according to their services; and, as the basis upon which such compensation should be given cannot be ascertained until the estate is finally closed, their commission will not be given until that time.

In *Re Rose's Estate,* 80 Cal. 166, 22 Pac. 86, it appears that there was protracted and lengthy litigations between the distributees and the administrator, and that a large number of items, for which the administrator claimed credit, had been disallowed, and others sent back to the trial court for re-examination, and others allowed, and in this condition of the estate the court says that the administrator was not entitled to commissions until the final settlement of the estate.

In *Re Levinson Estate,* 108 Cal. 450, 41 Pac. 483, it also appears that there was an intricate administration and a dispute over various items, but the court says that:

"Under the circumstances disclosed by the record, nothing can be allowed the respondent for commissions until the final settlement of the estate."

In *Estate of Barton,* 55 Cal. 87, it appears that there were successive administrations, and the court held that commissions could not be allowed until the estate was finally settled, but they add:

"Of course we are not considering the right of the outgoing administrator to commissions upon property which has been by him fully administered upon."

We think the true rule in such cases is laid down by the Supreme Court of Montana, in *Re Ricker's Estate,* 14 Mont. 153, 35 Pac. 960, 29 L. R. A. 622, in which the ruling laid down in the case from 55 California, *supra,*

is followed, that is, where any part of the estate is finally administered, that the administrator is entitled to commissions on such part of the estate prior to the final settlement. But in the case at bar, we cannot say that there was error in the holding of the trial court. This holding is not an adjudication that the administratrix is not entitled to commission, nor is it an adjudication that the amount is too large. It leaves the matter of commission open, without an adjudication either way as to the amount until a future settlement. We cannot say, in the condition of this record, that there was such an abuse of discretion by the trial judge in this matter as to require a reversal of the judgment. No harm can come to the administratrix from this ruling, because, in the future, when this account shall come before the proper tribunal for the allowance of her commission, the question is not adjudicated or passed upon in any way by this judgment, but is left open to be determined then.

It has been strenuously argued to us by the defendant in error that the object of allowing these commissions is to give the administratrix double commissions. It appears that the main administration of this estate is in Missouri, where the same administratrix has also been appointed. We cannot say that the Missouri court will allow commissions to her in Missouri which have been allowed her in Oklahoma. The presumption is that the Missouri court will administer this estate according to the law, and, of course, double commissions are not allowed in any case.

We, therefore, recommend that the judgment below be affirmed.

By the Court: It is so ordered.

## ON PETITION FOR REHEARING.

This petition for a rehearing goes to the action of the court in refusing to consider exceptions Nos. 1, 2, 6, and 7, which are set out at large in the original opinion, on the ground, as stated in the petition for rehearing:

"All the above items were awarded and allowed under judgment and decree of the county court upon the approval of the third term settlement made November 26, 1909."

The record shows that what is called a third term settlement was filed in the county court in 1909, showing a balance due the estate of a large sum, but, as far as the record shows, the county court took no action on this account, and rendered no judgment confirming it. If there was any such judgment of the county court it should have been presented in some way to the trial court. The filing of an account by an administrator in the county court does not raise a presumption that the court has either approved or disapproved it, but if the court has taken any action on it, it must be shown by the records of that court. We reaffirm what was said in the original opinion, that if this account of 1909 had been regularly confirmed by the county court, and no appeal taken therefrom within the time allowed by law, then it would have become *res adjudicata,* but we are bound by the record, and cannot go outside thereof and decide cases on questions not presented to the trial court, and not before us on the record. From all that appears in the record, the administratrix filed an account in 1909, which lay in the county court until 1911 without action, when another account was filed, taking as a basis the balance shown in the 1909 account, and to this account the excep-

tion was filed, the eighth exception being as to the balance admitted to be due by the administratrix in 1909, as shown by the original opinion. In the condition in which the record comes to this court, this was proper, because, as far as the record shows, no action of any kind was taken by the county court on this account, and until such action was taken, any person interested in the estate had a right to except thereto. If the account of 1909 showed a smaller amount due the estate than was proper, and such account was never approved, any person interested in the estate had a right to except thereto when a new account was filed, taking such balance as the basis for the new account. The petition for rehearing proceeds on the mistaken theory that an order of the county court was made approving the settlement of 1909, and that such order was before the trial court, and appears in the record. No such order appears, and as far as this appeal is concerned, no such order was ever made, for it has become axiomatic that what does not appear will not be presumed to exist. In Broom's Legal Maxims, p. 131, it is said:

"This well-established maxim in legal proceedings is founded on principles of justice as well as law, and applies where a party seeks to rely upon any deed or writings which are not accounted for or supplied in the manner which the law prescribes, for in such case they should be treated as against such party as if nonexistent."

If the plaintiff in error had introduced in evidence any order of the county court approving the settlement of 1909, a very different question would have been presented, but it was not produced, and we cannot presume it exists.

We therefore recommend that the petition for rehearing be denied.

By the Court: It is so ordered.