## NICHOLS *et al.* v. DEXTER.

No. 5690.   Opinion Filed November 2, 1915.

(152 Pac. 817.)

1.  **APPEAL AND ERROR—Presentation for Review—Denial of New Trial.** Where the overruling of the motion for a new trial is not assigned as error in the petition in error, errors alleged to have occurred during the trial are not properly presented, and cannot be reviewed.

2.  **RECEIVERS—Action on Bond—Petition.** In an action upon a receiver's bond, by the obligee against the principal and sureties thereon, the failure to attach to the petition a copy of the order appointing the receiver does not render it fatal as against a general demurrer.

3.  **SAME.** Petition upon receiver's bond examined, and **held** to constitute a cause of action as against a general demurrer.

(Syllabus by Dudley, C.)

*Error from District Court, Stephens County;*
*Frank M. Bailey, Judge.*

Action by John Dexter against O. M. Nichols and others.   Judgment for plaintiff, and defendants bring error.   Affirmed.

*J. B. Wilkinson,* for plaintiffs in error.

*J. B. Moore* and *Womack & Brown,* for defendant in error.

Opinion by DUDLEY, C.   On June 26, 1911, the defendant in error, plaintiff below, commenced this action in the district court of Stephens county, against the plaintiffs in error, defendants below, upon a receiver's bond executed by the defendant Nichols, as principal, and the defendants Johnson and Gamblin, as sureties, on November 12, 1907, in an action pending in the United States District Court for the Southern District of the

Indian Territory, at Ardmore, wherein the plaintiff herein was plaintiff, and J. W. Starr and others were defendants. Issues were joined and the case tried to the court and jury, resulting in a judgment in favor of the plaintiff for $605, with interest, from which the defendants have appealed.

There are eight assignments of error in the petition in error, all of which, except the third, which is, "The court erred in overruling defendants' demurrer to plaintiff's petition," are alleged errors occurring during the trial. The overruling of the motion for a new trial is not assigned as error in the petition in error, and it therefore follows that none of the assignments of error, except the third, can be considered here. *Beall v. Mutual Life Ins. Co.,* 7 Okla. 285, 54 Pac. 474; *Martin et al. v. Gassert,* 17 Okla. 177, 87 Pac. 586; *Kimbriel v. Montgomery,* 28 Okla. 743, 115 Pac. 1013; *Meyer v. James,* 29 Okla. 7, 115 Pac. 1016; *George v. Moore,* 32 Okla. 842, 124 Pac. 36; *Turner v. First Nat. Bank,* 40 Okla. 498, 139 Pac. 703; *Adams v. Norton et al.,* 41 Okla. 497, 139 Pac. 254.

The only question properly presented for review is the sufficiency of the petition, as against a general demurrer. The petition alleges, in substance: That in October, 1907, the plaintiff commenced an action in the United States Court for the Southern District of the Indian Territory, at Ardmore, against J. W. Starr and others, to recover possession of certain real estate, located in the then Indian Territory, and asked that a receiver be appointed to collect the rents and profits therefrom during the pendency of said action; that, at the time of the commencement of said action, Sam Woods was appointed receiver in said cause, and directed to take possession of said real estate and collect the rents and profits

therefrom during said litigation; that he duly qualified as such receiver and entered upon the discharge of his duties. A copy of the petition in said cause, together with a copy of the order appointing Woods as receiver, is attached to said petition. The petition further alleges that Woods continued to act as receiver in said cause until February 7, 1908, at which time, upon the application of the defendants in said cause, he was discharged and the defendant Nichols appointed as receiver in said cause, with directions to take charge of said real estate and collect the rents and profits therefrom during the pendency of said litigation. His bond was fixed at $1,200. He executed the same, with the defendants Johnson and Gamblin as sureties. The bond was filed and approved, whereupon he entered upon the discharge of his duties as receiver in said cause. A copy of the bond is attached to the petition. Said bond contains, among others, the following provision:

"Whereas, permission has been granted the principal herein, O. M. Nichols, to execute a bond and have said receiver discharged from the collection of said rents, now, if the said O. M. Nichols shall well and truly collect said rents due and to become due on the lands described in the complaint filed in the above-entitled cause and hold same subject to the order of the court and account for same upon the order of the court, then this bond shall be void; otherwise to remain in full force and effect."

After the approval of said bond, Nichols, as a receiver, took possession of said real estate, and on December 14, 1910, filed a report, as receiver in said cause, covering the rents collected, showing a balance on hand of $45.50. A copy of said report is attached to the petition. Following this, the plaintiff filed written exceptions to said report, and on December 19, 1910, said action

was tried, resulting in a judgment in favor of the plain-
tiff, finding that he was the owner and entitled to the pos-
session of the real estate involved in said action.   At the
same time, the report of the receiver and the exceptions
filed thereto were considered by the court, and a finding
made to the effect that said receiver had collected, as rent
from said premises, the sum of $605, and an order was
made directing him to pay the same into court or to the
plaintiff.   A copy of said judgment, including the finding
and order of the court with reference to the receiver's
report, is attached to the petition.   It is then alleged in
the petition that the receiver failed and refused to comply
with the order of the court with reference to the payment
of said money, and, on account thereof, breached the
terms and conditions of his bond, rendering himself and
the sureties thereon liable for the amount found to be
due, upon the examination of said report.

We think the petition good, as against a general de-
murrer.   It alleges the institution of the original action,
the appointment and qualification of Woods as receiver,
his discharge and the appointment of Nichols as receiver,
on the application of the defendants in said cause, his
qualification by giving bond, which was approved.   It then
alleges that he took possession of the property, collected
the rents and profits therefrom, as receiver in said cause,
filed a report, to which exceptions were filed, and, upon
hearing, it was found that he had $605 in his possession,
as receiver; a final judgment in favor of the plaintiff, in
the original action, and an order directing the receiver to
turn over the money to the plaintiff, and his failure to do so.
This constitutes a breach of the terms and conditions of
his bond, rendering himself and the sureties thereon
liable.   High on Receivers (4th Ed.) sec. 129; *Richard-*

son v. Penny, 10 Okla. 32, 61 Pac. 584; Title Guaranty & Surety Co. v. Slinker, 35 Okla. 128, 128 Pac. 696; Southern Surety Co. v. Burney et al., 34 Okla. 552, 126 Pac. 748, 43 L. R. A. (N. S.) 308; Anderson v. Anderson, 45 Okla. 653, 146 Pac. 709; State v. Gibson, 21 Ark. 140; Carl v. Meyer, 51 App. Div. 5, 64 N. Y. Supp. 1077.

The first objection urged to the sufficiency of the petition is that a copy of the order discharging Woods and substituting Nichols as receiver is not attached to the petition. This was not necessary, and the petition is not defective on account thereof, as against a general demurrer. The petition alleges the discharge of Woods and the appointment of Nichols as receiver in his place, on the application of the defendants.

The next objection urged to the petition is that there is no allegation to the effect that Nichols took the oath as receiver in said cause. It is insisted that, under the statutes of Arkansas in force in the Indian Territory at the time the bond sued upon was executed, a receiver should take an oath before entering upon his duties. This is true. Section 5277, c. 119, Mansfield's Digest. A receiver is an officer of the court, and this statute is directory and not mandatory, and the failure of the receiver to take the oath would not render his acts void nor constitute a defense on his bond, under the facts disclosed by the petition in this case. High on Receivers (4th Ed.) sec. 99; Richardson v. Penny, supra; American Bank v. Cooper, 54 Me. 438; 34 Cyc. 153; Dayton v. Borst, 7 Bosw. 115, affirmed in 31 N. Y. 435.

Aside from this fact, the petition alleges that the receiver qualified by giving bond, and a copy of the bond is attached, and, in the absence of an affirmative showing

to the contrary, the presumption is that he took the required oath. High on Receivers, *supra; Seymour v. Aultman Co.*, 109 Iowa, 297, 80 N. W. 401; *Nelson v. People*, 23 N. Y. 293; *Dayton v. Johnson*, 69 N. Y. 419. There is no merit in this contention.

The petition states a cause of action, as against a general demurrer, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.