## HAZELWOOD et al. v. ROBE.

No. 11418—Opinion Filed Sept. 14, 1920.

(Syllabus by the Court.)

Appeal and Error—Assignment of Errors— Overruling Motion for New Trial—Dismissal.

Appeal dismissed for reason stated in the opinion.

Error from District Court, Okfuskee County; Lucien B. Wright, Judge.

Action between Tom Hazelwood and others and John M. Robe. From the judgment, the former bring error. Dismissed.

Tom Hazelwood, for plaintiffs in error.

J. Hugh Nolen and Huddleston, Hackensmith, Stephenson & White, for defendant in error.

HIGGINS, J. The defendant in error has filed a motion to dismiss the appeal herein taken. There is no response filed.

In the petition in error it is not assigned as error that the trial court erred in overruling the motion for new trial.

The plaintiffs in error complain of error on the part of the trial court occurring during the progress of the trial.

In Nichols v. Dexter, 52 Okla. 152, 152 Pac. 817, it is stated:

"Where the overruling of the motion for a new trial is not assigned as error in the petition in error, errors alleged to have occurred during the trial are not properly presented, and cannot be reviewed."

The appeal is dismissed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, McNEILL, and BAILEY, JJ., concur.

---

## TRAPP v. BOARD OF COM'RS OF OKMUL-GEE COUNTY et al.

No. 11042—Opinion Filed Sept. 14, 1920.

(Syllabus by the Court.)

Appeal and Error—Parties—Right to Appeal —Record.

The common law limited the right to sue out a writ of error, or to appeal, to those who were parties or privies to the action in which the judgment or decree complained of was rendered, and this rule has been incorporated in most of the statutes regulating the subject, these statutes giving the right of review to any "party" aggrieved; under such limitation third persons, no matter how much they may be prejudiced by the judgment, decree, or order, cannot obtain its review by appeal or writ of error. The record on appeal should accordingly show that the appellant or plaintiff in error was a party or privy.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Proceeding in error by M. E. Trapp against the Board of Commissioners of Okmulgee County, State of Oklahoma, A. J. Gill, W. A. Munson, Jr., Harry C. De Vinne, O. F. Dickenson, W. L. Tipton, G. A. Gifford, H. Woodford, and A. F. Boone. Dismissed.

Ernest B. Hughes, for plaintiff in error.

L. A. Wallace, Fred M. Carter, W. A. Hiatt, and C. B. McCrory, for defendants in error.

HIGGINS, J. The defendants in error move to dismiss this appeal for the reason that the plaintiff in error was not a party to the suit in the trial court. There is no response to this motion to dismiss.

We find from an examination of the record that the plaintiff in error was not a party or a privy to the original suit when first instituted, neither was he made a party by order of court or otherwise, and that the judgment of the trial court was not against him.

2 R. C. L. 49, states:

"The common law limited the right to sue out a writ of error, or to appeal, to those who were parties or privies to the action in which the judgment or decree complained of was rendered, and this rule has been incorporated in most of the statutes regulating the subject, these statutes giving the right of review to any 'party' aggrieved; under such limitation third persons, no matter how much they may be prejudiced by the judgment, decree, or order, cannot obtain its review by appeal or writ of error. The record on appeal should accordingly show that the appellant or plaintiff in error was a party or privy."

The appeal herein is hereby dismissed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, McNEILL, and BAILEY, JJ., concur.