[No. 15284. In Bank.—June 29, 1894.]

IN THE MATTER OF THE ESTATE OF THOMAS H. BLYTHE, DECEASED. ELIZABETH G. WELSH, EXECUTRIX, ETC., AND JOHN A. WRIGHT, APPELLANTS, v. JAMES C. PENNIE, ADMINISTRATOR, ETC., RESPONDENT.

ESTATES OF DECEASED PERSONS—EXPENSES OF DECEASED ADMINISTRATOR—ACCOUNTING IN EQUITY—ALLOWANCE FOR ATTORNEY'S FEE—INTEREST.—An allowance made for the services of an attorney for a deceased administrator, in a suit in equity, for an accounting between the administrator *de bonis non* and the deceased administrator, is in favor of the deceased administrator, and though it is for the use and benefit of the attorney, is not a judgment or claim in his favor which bears interest.

APPEAL from an order of the Superior Court of the City and County of San Francisco, refusing to pay interest upon an allowance of attorney's fee.

The facts are stated in the opinion of the court.

*William F. Herrin, Smith, Wright & Pomeroy*, and *John A. Wright*, for Appellants.

*Naphtaly, Freidenrich & Ackerman*, for Respondent.

The Court.—Philip A. Roach, deceased, died while administrator of the estate of Thomas H. Blythe; and James C. Pennie succeeded him as such administrator. Afterwards, Pennie brought a suit in equity in the superior court against the executor of said Philip A. Roach for an accounting of the acts and doings of said Roach as such administrator; and on January 15, 1891, a judgment was rendered in said suit, in which it was adjudged, among other things, that the estate of Roach be allowed the sum of ninety-five thousand dollars as a counsel fee for the services of John A. Wright, rendered to said Roach as such administrator, and that Pennie pay the same out of the moneys of the estate of said Blythe to the executor of said Philip A. Roach. This judgment was affirmed on appeal to this court. (*Pennie* v. *Roach*, 94 Cal. 515.) Afterwards, Elizabeth G. Welsh (present executrix of the will of said Philip A. Roach) and said John A. Wright made a motion in the probate court for an order that Pennie, administrator of the estate of said Blythe, deceased, pay to the said executrix for the use and benefit of said Wright the said sum of ninety-five thousand dollars, with interest thereon from the fifteenth day of January, 1891, at seven per cent per annum. On the hearing of the motion it appeared that Pennie had already paid five thousand dollars of said amount; and the probate court, on August 5, 1892, made an order that Pennie pay to Wright ninety thousand dollars without interest, in full satisfaction of the services of said Wright. The executrix, Welsh, and said Wright appeal from so much of said order as refuses to allow interest.

It is not necessary to determine whether or not the order appealed from, or any part thereof, is appealable. The appeal of the executrix certainly need not be considered; for she is not, in any sense, an aggrieved party. So far as Wright is concerned, assuming that the order sought to be appealed from is appealable, we see no error committed by the probate court. As Roach, the former administrator of Blythe, had died, his successor, as such administrator, Pennie, was compelled under well-

settled practice to go into a court of equity for an accounting; and in the suit which he brought there against the executor of Roach, he and the said executor were the only parties. That part of the judgment in that case which allowed said executor, in his settlement, the amount of said attorney's fee for the services of Wright was in favor of said executor. There was no judgment in that case in favor of Wright, who was not a party to the action. Therefore, when the said order of the probate court was made, from which this appeal is taken, the said Wright had no judgment or claim which bore interest.

The order appealed from is affirmed.

Rehearing denied.