ESTATE OF MARY JANE HOLMES, DECEASED.

[No. 14,215; decided July 22, 1897.]

Expense of Litigation—Allowance to Executor.—The expense of necessary litigation involving the estate of a decedent is a part of the expense of administration for which the executor is entitled to allowance.

Expense of Litigation—Reimbursement by Devisee.—If the amount of moneys bequeathed to the legatees in a will exceeds the amount left by the testatrix, a devisee of land involved in litigation should be required, before distribution to him, to reimburse the executor to the extent of his outlay in such litigation, it not appearing from the will that the testatrix intended the devisee to take the property intact at the expense of the legatees.

---

## ALLOWANCE TO ADMINISTRATOR FOR INTEREST ON DISBURSEMENTS.·

The question as to whether the superior court in probate has power to allow interest to an administrator on disbursements made by him as expenses of administration (including the administrator's commissions and counsel fees allowed by law) when it is shown conclusively that the estate consists entirely of an undivided interest in unproductive real property, and that a probate sale of same would be most disadvantageous and to the detriment and injury of the estate, and would cause pecuniary loss, arose in the Matter of the Estates of Drouaillet and Thomas, Nos. 3146 and 3147, new series, respectively, department nine, Coffey, J.

The precise question above involved seems never to have been presented to the supreme court of this state, but the question of charging an administrator or executor with interest for different reasons on sums collected or paid out by him, which is practically the converse of the question· herein involved, has been frequently passed on by that court, which has held in a line of cases, commencing with In re Moore, 96 Cal. 522, 31 Pac. 584:

"In settling the accounts of the administrator, and in ascertaining the distributive share of those entitled to succeed to the estate of a deceased person, and in adjudging what shall satisfy the decree of distribution, the superior court, in the exercise of its probate jurisdiction, proceeds upon principles of equity, and may so frame its judgment as to do exact justice in regard to all matters properly entering into the account of the administrator, and which, in the application of equitable rules, affect the distributive shares of the estate."

This decision then goes on to cite several New York cases, especially In re Niles, 113 N. Y. 556, 21 N. E. 687; Hyland v. Baxter,

98 N. Y. 610, and others in support of this principle, and quotes at some length from the decision in 113 N. Y.

Again, in Re Clos, 110 Cal. 501, 42 Pac. 971, the same doctrine is clearly enunciated, and in the same New York cases again cited and quoted from.

In the matter of In re Clary, 112 Cal. 294, 44 Pac. 569, the supreme court in enunciating the same doctrine went further, and charged the administrator with interest on sums withheld by him from the legatee. This case, of course, is considerably stronger than the question here involved by reason of the element of fraud which was charged to the administrator therein. However, in that case it was said "that the award of the interest is but an incident to the right to award the principal, and proceeding as it does in accordance with the equity, the probate court must be held to have jurisdiction to afford complete and adequate relief in the premises, since equity does nothing piecemeal."

It is well established in California that a claim against an estate of a deceased person, which has been passed upon on the settlement of the final account of the administrator, has the effect of a judgment against the estate and bears interest at the rate of seven per cent per annum from the date of the decree settling the account, although the demand upon which the claim was founded did not bear interest: Estate of Olvera, 70 Cal. 184, 11 Pac. 624; Estate of Glenn, 74 Cal. 567, 16 Pac. 396.

Section 1915 of the Civil Code defines interest and section 1920 of the same code provides that all judgments shall bear simple interest, and section 1914 of the Civil Code provides that an advance of money is presumed to be made upon interest unless otherwise expressly stipulated.

Pursuing the investigations on this question outside the state of California, it appears that this question has been presented before several courts of sister states, some of which, however, are not courts of final resort.

In the case of Liddel v. McVicker, 11 N. J. L. 44, 19 Am. Dec. 369, the very question here involved was presented to the court, which, after discussing the matter, decided that interest may be allowed by the probate court on advances made by the executor or administrator where they were made in good faith and were meritorious and beneficial to the estate. The discussion of this matter on pages 372-374 of volume 19 of the American Decisions is interesting and the court there says: "There is no rule of law or principle of equity sanctioned or adopted in our country which unqualifiedly and under all circumstances denies interest to an executor or administrator upon moneys actually and in good faith advanced for the use of the estate."

In a Pennsylvania probate court it was held that when an adjudication upon an executor's account has been confirmed absolutely, the awards whether to creditors or legatees become final judgments and

if not promptly paid bear interest from that date: In re Wainwright's Estate, 37 Leg. Int. (Pa.) 374.

In the case of Billingslea v. Henry, 20 Md. 282, it was held that if an executor has not assets sufficient, and is compelled to resort to the land, the executor is treated as a creditor, and subrogated to the rights of creditors whose claims he has paid and is entitled to interest thereon.

In another Pennsylvania court of first instance it was held that when an executor advances money to pay decedent's debts, he is entitled to interest where the estate is the gainer: Hobson's Estate, 25 Pa. Leg. Jour. 456.

From the foregoing decisions it was argued that it was clearly within the sound discretion of the probate department to allow interest on the disbursements made by the administrator in the two estates first above mentioned on final distribution. It was claimed that the moneys advanced by the administrator were necessary expenses of administration and were for the benefit of the estate. Likewise, the moneys advanced for the collateral inheritance taxes, which bear interest under the statute at ten per cent per annum. Sections 1618, 1619 of the Code of Civil Procedure, provide for the payment of administrator's commissions and counsel fees, and under these sections counsel for administrator argued that these commissions and counsel fees have the same standing as the other costs of administration, and that interest should be allowed on them likewise, asserting that as the administrator in these estates, under the law, is entitled to his commissions immediately upon final distribution, as also the allowance for his counsel fees, both of these terms should be classed in the same category with the other expenses of administration. When these two amounts have been advanced by the administrator clearly for the benefit of the estate, that under the decisions above cited the administrator may be considered a creditor of the estate to the extent of his advancements, which may be made a lien on the real property of the estate (Finnerty v. Pennie, 100 Cal. 404, 34 Pac. 869), and it was here argued that it is discretionary with the probate court in the exercise of its equitable powers to do absolute justice to allowing legal interest on the whole of the said lien.

Judge Coffey, however, held that the citations were not authorities on the points raised, and that commissions, counsel fees and inheritance taxes did not come within the scope of the cases cited.

An allowance to an attorney is not a judgment or claim which bears interest: Welsh v. Pennie, 103 Cal. 350, 37 Pac. 392.

The same reasoning would cover commissions of an administrator, and, indeed, other expenses of administration.