[Sac. Nos. 532, 533, 534.  Department Two.—January 25, 1899.]

In the Matter of the ESTATE OF W. H. KRUGER, Deceased.

ESTATES OF DECEASED PERSONS—FINAL ACCOUNT OF EXECUTOR—ALLOW-
ANCE OF ATTORNEY'S FEES WITHOUT NOTICE—VOID ORDER.—Where
an executor presented his final account, and did not embody
any allusion therein to attorney's fees, the court has no juris-
diction to allow attorney's fees upon mere subsequent applica-
tion of the executor therefor, without notice of the application
to all parties in interest, and an opportunity to them to be
heard, and an order allowing the same without such notice is
void.

ID.—APPEALABLE ORDER.—An order allowing attorney's fees to the attor-
ney of an executor is an appealable order.

ID.—EVIDENCE—NEGLIGENCE OF ATTORNEY FOR EXECUTOR—LOSS TO ES-
TATE.—The court in the exercise of its jurisdiction to fix the com-
pensation of the attorney for the executor, should do full
justice between the parties, and hear all evidence pertinent to
any dereliction or negligence of such attorney whereby loss
was caused to the estate, or to show that by reason of his
culpable dereliction he was entitled to less compensation than
that claimed, or to none at all.

APPEALS from an order of the Superior Court of Nevada
County fixing fees of the attorney for an executor, and direct-
ing payment thereof from funds of the estate.  F. T. Nilon,
Judge.

The facts are stated in the opinion of the court.

Fred Searls, and G. T. Wright, for Appellants.

P. F. Simons, and A. J. Ridge, for Respondents.

HENSHAW, J.—These are separate appeals by the residuary
legatees and devisees under the will of W. H. Kruger, from
the order of court fixing the attorney's fees of the attorney of

the executor, and ordering payment of the amount from the funds of the estate.

J. L. Merguire, an executor of the estate of W. H. Kruger, presented his fifth annual account, and at the same time tendered his resignation as executor, to take effect upon its settlement. He also petitioned the court to determine the compensation to which he was entitled. Due notice was given of the hearing of all these matters; a hearing was had, the account settled, and the compensation of the executor fixed. Thereupon Merguire presented an application to the court setting forth that as executor he had employed J. M. Walling, attorney at law, on behalf of himself and his co-executrix, as their attorney at law in the matter of the estate; that Walling had rendered valuable services to the estate, for which he had been compensated only in part, and that such services had been rendered upon an agreement between himself and Walling that the amount of the latter's compensation should be determined and fixed by the court. He, therefore, requested the court to fix the amount of compensation for the services of the attorney. No notice of this application was given to the heirs, devisees, and parties in interest. In fact, no notice whatever was given. But the court proceeded forthwith to take testimony, notwithstanding the protest of one of the residuary legatees, who happened to be present, and who insisted that in the absence of notice the court was without jurisdiction to pass upon the matter. The court made its order directing the representatives "to pay to said J. M. Walling, Esq., from the funds of the said estate the sum of seven thousand five hundred dollars."

The order is an appealable order. (*Sluttmeister v. Superior Court*, 72 Cal. 487; *In re Kasson's Estate*, 119 Cal. 489.) The compensation of the attorney of the executor, while not a claim against the estate, is an expense of administration, allowed to the executor, the amount of which is to be fixed by the court and paid out of the estate (*In re Levinson*, 108 Cal. 450); but such an order for the payment of money, by which the property of the heirs, legatees, and devisees is to be taken from them, cannot be made without notice to them, and an opportunity to be heard. It cannot require the citation of authority

in support of the proposition that one may not be thus deprived of his property without process of law. Commonly, the account of the executor includes the item of attorney's fees as an expense of administration, and when the notice required by law of the hearing and settlement of the account is duly given, the parties in interest are afforded an opportunity of contesting that with any other items which fail to meet their approval. Here the final account of the executor contained no hint nor suggestion that it was proposed to make any charge upon account of the services of the attorney, and, while upon all matters properly embraced within the account due notice was given, this was not such a matter.

The order of the court fixing the compensation of the attorney without notice to the parties in interest is therefore void.

Upon the hearing, one of the devisees who was present offered evidence upon the question of the value of the services of the attorney, which, it was insisted, showed that by reason of the culpable negligence of the attorney there had been lost to the estate the sum of fourteen thousand dollars. Objection was made to the introduction of the evidence upon the ground that it could not be considered by the court in the proceeding at bar, because the court did not have jurisdiction nor power to determine the liability of an attorney for his negligence in the conduct of litigation on behalf of the estate, and that the only remedy of a person interested in the estate for injury occasioned by such negligence was through the medium of a civil suit against the attorney. The court ruled that such negligence could be considered "incidentally" in determining the value of services for which compensation was asked, and overruled the objection. Later, however, when the court came to deliver its decision, it announced that it "refused to allow in this proceeding as an offset or counterclaim any damages claimed to be occasioned by the alleged neglect of J. M. Walling in the Henry suit." It is evident from the foregoing that it is a matter of dubiety whether or not the court weighed the evidence touching the question of negligence, what it meant when it said that it would consider it "incidentally," and whether its final refusal to allow as an offset the damages claimed was because of its conviction that

no damages had resulted, or because of its conviction that it was not within its power so to do. As the question is certain to arise upon a rehearing of the application to fix the attorney's compensation, it should be said that it is well settled that it is within the jurisdiction of the court in probate to fix the compensation which shall be allowed to the attorney of the personal representative of the deceased. (*Gurnee v. Maloney*, 38 Cal. 85; 99 Am. Dec. 352; *Sharon v. Sharon*, 75 Cal. 38; *Henry v. Superior Court*, 93 Cal. 569; *Pennie v. Roach*, 94 Cal. 515; *Estate of Ogier*, 101 Cal. 385; 40 Am. St. Rep. 61; *Estate of Blythe*, 103 Cal. 350; *In re Levinson, supra.*) Indeed, as early as *Gurnee v. Maloney, supra*, it was decided that the court in probate not only had jurisdiction to fix the value of the services rendered by an attorney to the administrator on behalf of the estate as an expense of administration, but that the court had exclusive original jurisdiction to adjust and enforce such demand. Having jurisdiction, it must of necessity have power to do full and complete justice between the parties, and where an attorney contracts with the representative of the estate, knowing that in law the value of his services, so far as they are to be a burden upon the estate, is to be fixed by the court in probate, he cannot be heard to say, if dereliction is charged against him, that the question is one not cognizable before that tribunal to which alone he must look for compensation. For it is the duty of the court, in determining the compensation, to hear all evidence pertinent to the consideration, and it would indeed be extraordinary if an attorney, in support of his claim for compensation, could be heard to urge his faithful performance of duty, and that in answer the opposing heirs should not be permitted to show that by reason of his culpable dereliction he was entitled to less compensation, or to none at all.

The order appealed from is reversed.

Temple, J., and McFarland, J., concurred.