## In re WHITE'S ESTATE.

No. 25003. Dec. 17, 1935.

Rehearing Denied Jan. 7, 1936.

Q. B. Boydstun, for plaintiff in error.

B. L. Keenan, for defendant in error.

PER CURIAM. The plaintiff in error appeals from the judgment of the trial court surcharging him with portions of the fees paid himself and his attorney under ex parte orders of the county court.

The plaintiff in error, C. B. Kagy, was appointed administrator of the estate of William M. White, deceased, by the county court of Cherokee county, Okla., on October 15, 1930. and qualified and acted as such. The estate was appraised at $9,182. including the homestead, valued at $3,200, personal property set aside as widow's allowance. $229. and notes which the administrator never collected. appraised at their face value of $2,299.40. Upon application of the administrator. ex parte orders were made by the county court of Cherokee county at various times from January 30, 1931. to April 14. 1932, for the allowance and payment of fees to plaintiff in error. totaling $355, and to his attorney totaling $380.

The heirs of the estate filed exceptions to these fees September 1, 1932, and requested that the administrator be ordered to file a report. He filed his final report, showing payment of these fees, and exceptions thereto were filed by the heirs. Demurrer to these exceptions was overruled; the decree of the county court settling the final account of the plaintiff in error disallowed all of the fees theretofore allowed by ex parte orders, fixed the fee of the administrator at $150 and that of his attorney at $200, and surcharged plaintiff in error with the difference.

The plaintiff in error appealed to the district court, which increased the attorney's fee to $280, allowed some additional items of expense, and otherwise entered the same judgment as the county court.

The plaintiff in error assigns error as follows:

(1) That the court erred in overruling his demurrer to the exceptions to his final report because:

(a) The exceptions were not verified;

(b) Plaintiff in error asserts that the ex parte orders for the payment of fees are res judicata.

(2) That the court erred in placing the burden of proof on the plaintiff in error.

(3) That the judgment of the trial court is not sustained by the evidence.

These assignments of error are considered in their order.

1. (a) It is unnecessary to verify exceptions to the final account of an administrator, executor or guardian. Plaintiff in error cites In re Randall's Estate (Cal.) 205 P. 118. That case did not decide the question, but merely said that the contention that the exceptions should be verified was probably correct, inasmuch as the exceptions were a pleading denying the correctness of an account. We disagree with that statement.

Section 220, O. S. 1931, requires the verification of certain denials "in all actions" only. Section 9, O. S. 1931, defines an action. Probate proceedings are not included within this definition of an action. Bancroft's Probate Procedure, vol. 1, sec. 38, page 77. In re Olcese's Estate (Cal.) 291 P. 193. Section 1346, O. S. 1931, provides for filing exceptions to final account of administrator as follows:

"On the day appointed, or any subsequent day to which the hearing may be postponed by the court, any person interested in the estate may appear and file his exceptions in writing to the account and contest the same."

This is a special statute governing the filing of exceptions to a final account, and does not require verification.

Section 1080, O. S. 1931, is a special statute governing the making of issues and the trial of probate proceedings, and provides:

"If the issues are not sufficiently made up by the written pleadings on file, the court, on due notice to the opposite party, must settle and frame the issues to be tried, and upon which the court may render judgment."

Under this statute, the county court has the power and authority to require the administrator to prove the correctness of his account, even though no issue is made thereon. In re Randall's Estate (Cal.) 205 P. 118, holds this to be the law:

"But there exists an even better reason why the appellant's contention that the trial court was in error in disallowing and reducing the items embracing his claims for attorney's fees upon the ground that the objections thereto were not verified is unsound. It is that the court may upon its own motion, and without any objections being filed thereto, disallow or reduce any of the items in an administrator's account which it may, upon its own examination thereof, find to have been improperly charged."

(b) Ex parte orders for the allowance and payment of fees to an administrator are simply advisory. Such orders are not res judicata and the fees may be contested upon the settlement of the final account of the administrator.

Notice and opportunity to be heard are two of the essential elements of due process of law. The final adjudication of a claim against an estate by an administrator for his compensation and expenses is an adversary proceeding, and notice and an opportunity to be heard must be given the parties interested, in order for the court to have jurisdiction to enter a final decree. In re Kruger's Estate, 123 Cal. 391, 55 P. 1056:

"The compensation of the attorney of the executor, while not a claim against the estate, is an expense of administration, allowed to the executor, the amount of which is to be fixed by the court and paid out of the estate (In re Levinson's Estate, 108 Cal. 450, 41 P. 483, and 42 P. 479); but such an order for the payment of money, by which the property of the heirs, legatees, and devisees is to be taken from them, cannot be made without notice and an opportunity to them to be heard. It cannot re-

quire the citation of authority in support of the proposition that one may not be thus deprived of his property without process of law. Commonly, the account of the executor includes the item of attorney's fees as an expense of administration; and, when the notice required by law of the hearing and settlement of the account is duly given, the parties in interest are afforded an opportunity of contesting that with any other items which fail to meet their approval. Here the final account of the executor contained no hint or suggestion that it was proposed to make any charge upon account of the services of the attorney, and, while upon all matters properly embraced within the account due notice was given, this was not such a matter. The order of the court fixing the compensation of the attorney without notice to the parties in interest is therefore void."

The relation of an administrator to the persons interested in the estate is one of trust. He is a fiduciary charged with the utmost good faith, and cannot claim that ex parte orders of the court protect him in the payment to himself of excessive allowances for fees and expenses. In re Rohne's Guardianship, 157 Wash. 62, 288 P. 269:

"When, upon passing upon a guardian's final account, it appears that the acts of the guardian, even though approved by the court, have resulted in injustice to the ward, it is the duty of the court to scrutinize the account carefully and to disallow expenditures, even though the same were allowed by the court having immediate jurisdiction of the proceeding, if it appears that the same were improvidently approved and were manifestly in derogation of the rights of the ward, and of such a nature as to amount in law to the exercise of bad faith on the part of the guardian."

In re Coyne's Estate, 103 Okla. 279, 229 P. 630:

"While the order of partial distribution of August 12, 1919, will protect the administrators in the disbursement of the funds of the estate to persons who were then in good faith believed to be the heirs of the deceased, this protection will not extend to protect one of such administrators in the disbursement of such funds to himself as such heir."

Section 1347, O. S. 1931, provides:

"All matters, including allowed claims not passed upon on the settlement of any former account, or on rendering an exhibit, or on making a decree of sale, may be contested by the heirs for cause shown."

The contested items in this case do not come within any of the exceptions mentioned in the statute, and the statute expressly authorizes a contest of these items by the heirs.

Ex parte orders for the allowance and payment of fees to an attorney employed by an administrator are not res judicata, and the fees may be contested upon the settlement of the final account of the administrator.

What we have said with regard to the ex parte orders allowing an administrator's compensation applies with equal force to these ex parte orders allowing compensation to his attorney, because such compensation must be allowed as part of the expenses of the administrator.

The plaintiff in error cites Evans v. Harris, 60 Okla. 27, 158 P. 898, which holds that an order upon the attorney's petition in a guardianship proceeding for the allowance and payment of attorney's fees **is res judicata as to the subsequent suit against the guardian for such fees.** While such order might be conclusive as against the attorney, it might not be conclusive as against the ward.

Plaintiff in error also cites McFarland v. Barker. 80 Okla. 274, 196 P. 131; Myer's Estate. 93 Okla. 143, 219 P. 943; and Mason v. Ford, 102 Ok'a. 257, 226 P. 346; which hold that the county court has jurisdiction to pass on claims for goods or services furnished a minor, where guardianship proceedings are pending in such court, and that an order for allowance and payment for such goods or services is res judicata in the settlement of the final account of the guardian. These cases hold that a claim of an attorney for allowance and payment of fees for services to a minor may be finally adjudicated by the county court, and that such adjudication is conclusive in the settlement of the final account of the guardian. They are not in point in the present case, for the reason that at the hearing of claims for services rendered a minor, the minor is properly represented by his guardian, and the court has jurisdiction to render a final judgment. The rule announced in these cases is limited to services rendered the minor, where the guardian can represent the minor at the hearing of the claim for such services, without his interest conflicting with that of his ward. Aubrey's Estate v. DeLozier. 128 Okla. 79, 261 P. 192:

"Allowances by the court of a partial or periodical accounting or settlement, made by a guardian, without notice to the parties concerned, and particularly when the party has not been authoritatively represented,

can constitute no adjudication, and is therefore conclusive of nothing, but operates as an admission against interest by the guardian, and is therefore prima facie evidence against him."

In this case it appears that guardian's fees and attorney's fees allowed and paid upon settlement by the county court of annual accounts of the guardian were disallowed in part upon the settlement of the final account of the guardian, and the guardian surcharged with the excess.

Fees due an attorney employed by an administrator to assist him in administering an estate are chargeable against the estate only as expenses of the administrator in the performance of his duties. In re McGannon's Estate, 50 Okla. 288, 150 P. 1109. In re McLure's Estate (Mont.) 220 P. 527. In the latter case, the Supreme Court of Montana. in considering a statute similar to section 1330, O. S. 1931, which provides that an administrator shall be allowed all necessary expenses in the care, management and settlement of an estate, says:

"Under statutes of like effect which prevail in most of the states, it is the general rule that an attorney employed by the personal representative of an estate is the attorney for the personal representative, and not the attorney for the estate (1 Ross, Probate Law and Practice, sec. 492); that such an office as 'attorney for the estate' is unknown to the law (Ogier's Estate, 101 Cal. 381, 35 P. 900, 40 Am. St. Rep. 61)."

The administrator is personally liable for his attorney's fee, but is entitled to reimbursement from the estate in so far as said fees are necessary expenses. A claim for attorneys' fees for services rendered an administrator, whether made by the administrator himself, or by the attorneys direct, is a claim for the payment of a part of the administrator's expenses. The administrator can no more represent the heirs in opposing claims for his own expenses than he can represent them in opposing claims for his own compensation. An ex parte order for the payment of such expenses is not res judicata. See Church's New Probate Law and Practice, 1576; Bancroft's Probate Procedure, vol. 2, sec. 439, page 823, and sec. 442, page 829; Estate of Sullenberger, 72 Cal. 549, 14 P. 513; Kruger's Estate, 123 Cal. 391, 55 P. 1056 (see quotation above): In re Sullivan's Estate, 36 Wash. 217, 78 P. 945.

In Knight v. Hamakar, 40 Ore. 424, 67 P. 107, it is said:

"While the claim of an attorney for services rendered to an executor or adminis-

trator is originally against the representative of the estate, when examined, approved, and allowed by the county court, it becomes a claim against the estate; but having been made without notice to the creditors, and upon an ex parte application therefor, the order making the allowance is interlocutory, and upon objection thereto may be subsequently modified or set aside by the court upon the final settlement of the estate, or, upon its refusal to do so, by the Circuit or Supreme Court upon appeal. In re Osburn's Estate, supra; Hollis v. Caughman, 22 Ala. 478."

2. As to the burden of proof, the administrator affirms the correctness of his account, and the burden is on him to prove it. See section 1080, O. S. 1931; Bancroft's Probate Practice, vol. 3, sec. 993, page 1676:

"The executor or administrator has the burden of proof as to the necessity of expenditures for which he claims credit. He also has the burden of proving the truth and reasonableness of challenged credits. There is no presumption that an account submitted is correct, and the burden is upon the representative to show that it is correct, except as there may be a stipulation or agreement by all persons in interest for allowance of some or all of the items."

In re Barreiro's Estate (Cal.) 14 P. (2d) 786:

"Appellant next complains that the trial court wrongfully placed upon it the burden of proving the correctness of its accounts rather than placing upon the contestants the burden of proving that the accounts were not correct. In this contention we cannot agree with appellant. The amount of evidence which a probate judge may require of any executor in support of the correctness of any account is largely a matter of his own discretion. Where there is no contest it is the duty of the trial court to satisfy itself of the correctness of the account, and, within the limit of reason, it may require the executor to produce such evidence as will satisfy it in this respect."

3. There is ample evidence to support the decision of the trial court. The value of the homestead and of the property allowed the widow are not to be considered in computing the fee of the administrator. Section 1332, O. S. 1931, excludes property not listed as assets, in computing the administrator's compensation. Neither is the administrator entitled to commission upon the uncollected notes, except in so far as they were charged against the makers thereof in the distribution of the estate.

24 C. J. sec. 2418, page 984, reads:

"Worthless or Uncollected Assets. An executor or administrator has no right to charge commissions on worthless or uncol-

lected debts or assets, unless perhaps where he has attempted in good faith to realize upon them."

Neither is the administrator nor his attorney entitled to any fees for the unwarranted proceedings for sale of real estate by the administrator; there being no claims filed against the estate, and ample personal property and cash to pay all expenses of administration, there was no legal ground for an administrator's sale of real estate.

There was considerable testimony that the administrator had agreed prior to his appointment to accept 3 per cent. as his commission. Mathematical calculation will show that the fee allowed the administrator was larger than he was entitled to under this evidence. We find not only that there is sufficient evidence to sustain the judgment of the trial court, but that its judgment was in accord with the weight of the evidence.

It is, therefore, ordered that the judgment of the trial court be affirmed.

The Supreme Court acknowledges the aid of Attorneys W. A. Daugherty, Forrest M. Darrough, and J. C. Denton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Daugherty and approved by Mr. Darrough and Mr. Denton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.