ESTES et al. v. McDONALD.

No. 34339. Oct. 30, 1951.

Rehearing Denied Dec. 4, 1951.

*238 P. 2d 354.*

George W. Gay and M. M. Thomas, Oklahoma City, for plaintiffs in error.

A. E. Pearson, Oklahoma City, for defendant in error.

PER CURIAM. On April 5, 1948, A. B. McDonald, plaintiff below and defendant in error here, filed his petition in the district court of Oklahoma county against O. P. Estes and Frances Estes, his wife, defendants below and plaintiffs in error here. The parties will be referred to as they appeared in the trial court. In his petition plaintiff alleged that on November 30, 1940, he was the owner of a $10,000 oil payment under the Lyons No. 1 well, in block 50 of Maywood Addition, and block 3 of Military Addition to Oklahoma City; that he was indebted to Hoyt & Hoyt and Robert Burns for $350 and conditionally indebted to Frances Estes under supersedeas bonds, and to secure said indebtedness on November 30, 1940, he caused to be assigned to Fred L. Hoyt said oil payment; that on September 9, 1941, Fred L. Hoyt had on hand enough money to pay his indebtedness to Hoyt & Hoyt and Robert Burns in full with $390 over; that on September 9, 1941, he made a trust agreement with O. P. Estes, Fred L. Hoyt and Frances Estes under which said sum of $390 held by Hoyt was paid and said oil payment was assigned to O. P. Estes as trustee, in trust to indemnify Frances Estes for any liability coming to her on account of her having made said supersedeas and rent bonds for

A. B. McDonald in a case that McDonald had appealed to the Supreme Court of the State of Oklahoma, and when the liability of Frances Estes was paid or ceased to exist any money collected or held by O. P. Estes, trustee, was to be paid and the oil payment re-assigned to A. B. McDonald; that O. P. Estes and Frances Estes had collected $4,000 under said trust agreement more than was due them; that there was a balance of about $3,600 due to be paid on the oil payment and O. P. Estes refused to convey said uncollected balance of the oil payment to plaintiff; that plaintiff wanted an accounting of the trust funds from said trustee, payment to him of the money collected by the trustee over the amount due to the defendants, and a re-assignment to plaintiff of the balance of said oil payment. In the trust agreement A. B. McDonald was first party, O. P. Estes second party, Fred L. Hoyt third party, and Frances Estes fourth party. A copy of the trust agreement being attached as an exhibit to plaintiff's petition, in part, reads:

"In the event it shall be determined that the liability of Frances Estes has ceased under said Supersedeas Bonds then in that event second party will turn over all funds received by him under this trust to first party and will execute and deliver to first party or his nominee a good and sufficient assignment of said oil payment and also execute all necessary and proper division orders to terminate the trust. . . .

"And said rents so collected and held by second party shall be held in trust as indemnity for fourth party upon the same terms and conditions above set forth for the collection and retention of the oil payments."

Defendants' answer admitted the execution of the trust agreement of September 9, 1941, and assignment of the oil payment to O. P. Estes, as trustee, as alleged by plaintiff. Defendants further alleged in their answer that on May 11, 1943, Frances Estes had a liability on the deficiency judgment and supersedeas bonds of $5,322.96; that plaintiff and O. P. Estes tried to sell the oil payment to secure money to satisfy said indebtedness but failed; that on May 11, 1943, the plaintiff agreed orally with O. P. Estes that if O. P. Estes would satisfy said judgment and expenses and hold the plaintiff, A. B. McDonald, harmless from any additional liability thereon, then O. P. Estes could retain said oil payment as his own property; that O. P. Estes did, on May 12, 1943, pay $5,-322.96 in full satisfaction of said judgment; that the written trust agreement was terminated by the mutual oral agreement of the parties and its performance; that from May 11, 1943, to March 9, 1948, plaintiff made no complaint and asserted no claim to any part of said oil payment adverse to them and O. P. Estes, thereby ratifying said oral agreement, and that plaintiff is now estopped from asserting any interest in said oil payment.

To the answer of defendants plaintiff filed a reply denying all allegations of said answer that were inconsistent with the allegations of his petition and denying that he had made any oral agreement with O. P. Estes under which Estes could retain as his own the balance of the oil payment, that the trust agreement was terminated by any alleged oral agreement, that he was estopped to claim any interest in the oil payment and money collected, that he had failed to make demand that the balance of the money in the hands of the trustee be turned over to him, but alleged that he had made frequent demands on O. P. Estes for an accounting and Estes had said he would report as soon as he had enough to pay off the obligation for which he was acting as trustee.

The parties agreed that the trust agreement was executed as claimed and stipulated that at the time of trial O. P. Estes, as trustee, had collected oil runs and rents in the total sum of $7,221.91, not including the oil runs for December, 1948, and January, 1949; and that O. P. Estes had disbursed under

the trust agreement the following sums: court costs, reporter's fees and other expenses, $709.95, including bond fee of $550, court costs $49.27, judgment including rents $5,322.96, making a total sum disbursed of $6,082.18. This showed the trustee had on hand, over and above the sums paid out, $1,139.73.

The trial court rendered judgment allowing O. P. Estes a fee as trustee of $131.39, giving A. B. McDonald judgment against O. P. Estes for the balance of money in his hands as trustee of $1,008.34, with 6 per cent interest per annum as to the amount collected up to December 1, 1948, and ordered O. P. Estes to assign to A. B. McDonald the balance due and unpaid on said oil payment. Defendants appealed to this court.

Defendants say the trial court erred in rendering judgment for the plaintiff. The entire case turns on whether plaintiff made an oral agreement May 11, 1943, with O. P. Estes that Estes might retain as his own the balance of the oil payment if Estes paid the liability on the bonds and saved the plaintiff harmless from any further obligation thereon. Estes testified that such an agreement was made. The plaintiff said he made no such agreement. On May 11, 1943, Estes was particular to secure a written order from the plaintiff before he paid the money on the supersedeas bonds, and the question arises why Estes at that time did not get his oral agreement about the oil payment in writing. It would appear just as important to have the assignment of the oil payment in writing as it was to have the order in writing for the payment of the money on the judgment and bonds. Further, to secure a written order from plaintiff for the disbursement of money in the hands of the trustee showed the plaintiff still owned the oil payment at that time; and if at that time plaintiff had agreed that Estes could retain the balance of the oil payment as his own, the written order secured would have been unnecessary.

Defendants claim that parties to a written agreement may, by an executed parol agreement, annul the whole or any part thereof. They cite some cases and Title 15 O.S. 1941 §§232 and 237. The plaintiff, among other things, claims that the statutes of Oklahoma prohibit a trustee from buying the trust property, and he cites Title 60 O.S. 1941 §§175.11 and 175.12. We find no occasion to discuss these sections of the statute or cases, as the trial court found that there was no oral agreement made by plaintiff that O. P. Estes might retain as his own the oil payment if O. P. Estes paid the obligation on the bonds and saved plaintiff harmless from further liability thereon.

Defendants claim that plaintiff made no demand on the trustee for an accounting or report about trust funds after May 11, 1943, until the year 1948. Plaintiff testified that he made repeated demands for an accounting and for information about the oil account under the trust agreement, and the witness Mrs. Ola Holloway supported plaintiff's testimony on one occasion. Plaintiff offered in evidence a letter addressed to O. P. Estes and Mrs. Frances Estes dated January 3, 1944, asking for a statement of the money collected on the oil payment. Plaintiff testified the letter was written January 3, 1945, rather than 1944; that the letter came back to him in the mails bringing a statement of oil collections from December, 1943, to November, 1944, and the envelope containing the letter and statement of oil runs was postmarked Oklahoma City, Oklahoma, January 23, 1945, 11:30 a.m., and had in the upper left-hand corner (return address) O. P. Estes, Attorney at Law, Perrine Building, Oklahoma City, Oklahoma. Plaintiff said the list was of oil runs from the wells and was supplied to him by Estes.

The trial court saw and heard the witnesses and rendered judgment for the plaintiff. After a careful study of the record we feel the judgment of the

412

trial court is amply sustained by the evidence and that there was no error in rendering judgment against the defendants. The judgment is not clearly against the weight of the evidence and is not contrary to law.

Judgment of the trial court in a case of equitable cognizance will not be disturbed on appeal unless clearly contrary to weight of the evidence. In re White's Estate, 175 Okla. 439, 52 P. 2d 1074; Howard et al. v. Stanolind Oil & Gas Co. et al., 197 Okla. 269, 169 P. 2d 737.

Defendants next say the court erred in fixing a trustee's fee. Under the statute, the court could fix the fee and having done so we see no reason to disturb the judgment of the trial court. Considering that the fee allowed him by the court was in addition to a fee of $550 charged plaintiff for the making of the supersedeas bonds, we think the fee allowed was sufficient.

Therefore, finding no reversible error in the record, the judgment of the trial court is affirmed.

This Court acknowledges the services of Attorneys William B. Moore, Douglas Garrett, and Richard Martin, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

