In the Matter of the ESTATE of Francis Merle HUNTER, Deceased.

MID–CONTINENT CASUALTY COM-
PANY, Appellant,

v.

Jerry H. HOLLAND, Successor Administra-
tor, Appellee.

No. 45758.

Court of Appeals of Oklahoma,
Division No. 1.

March 26, 1974.

Rehearing Dismissed April 30, 1974.

Released for Publication by Order of the
Court of Appeals May 30, 1974.

Charles P. Gotwals, Jr., John Kinslow, Gable, Gotwals, Hays, Rubin & Fox, Tulsa, for appellant.

Richard L. Carpenter, Jr., Sanders, McElroy & Carpenter, Tulsa, for appellee.

BOX, Presiding Judge:

An appeal by Mid-Continent Casualty Company from an order striking appellant's objections to successor administrator's final accounting and petition for order allowing final account, determination of heirship, distribution and discharger in the Matter of the Estate of Francis Merle Hunter, deceased.

The pertinent proceedings had leading to the appeal herein, in brief are as follows: On December 6, 1966, Donald Wayne Hunter was appointed administrator of the estate of Francis Merle Hunter, deceased. He filed a $20,000.00 penal bond with Mid-Continent Casualty Company. On January 4, 1967, the administrator published notice to the creditors of the estate of Francis Merle Hunter. Nothing further was done in the estate by the administrator. No inventory was filed and a proper claim which had been perfected against the estate was not processed.

On June 1, 1970, pursuant to application and notice, Donald Wayne Hunter was removed as administrator of the estate of Francis Merle Hunter for his failure to perform his statutory duties. Jerry H. Holland was appointed successor administrator. Paragraph 7 of the order appointing the successor administrator provides that:

"Donald Wayne Hunter, administrator of the Estate of Francis Merle Hunter, deceased, has failed to perform his statutory duties and should be removed as administrator of said estate and a substitute administrator named to act for and on behalf of the estate, *to marshal its assets* and disburse said funds to those entitled thereto and perform the other statutory duties performed of said administrator." (Emphasis supplied.)

The successor administrator determined that Donald Wayne Hunter had misappropriated and converted funds belonging to the estate to his own use and in compliance with the order of the District Court to "marshall its (the estate's) assets" caused to be filed an application for an order surcharging Donald Wayne Hunter the sum of $19,223.60 plus interest, the same being the amount of money allegedly appropriated and converted by the said Donald Wayne Hunter for his own use. Hearings were had on October 5, 1970, wherein Donald Wayne Hunter appeared in person and by and through his attorney and testified concerning the absence of the funds and further hearing was had on January 14, 1971. At both hearings Mid-Continent was present and participated in resisting the surcharge. On January 14, 1971, the court entered its order surcharging Donald Wayne Hunter $17,234.99, finding that he had converted this amount to his own use to the detriment of the estate and further surcharged the amount of interest at 10% per annum from June 1, 1967, the established time of conversion. This order became final and was not appealed from. Thereafter, demand was made upon Mid-Continent to pay the amount to the estate that its principal had been surcharged. The demand to pay was refused. On March 5, 1971, application was made to the court for an order allowing the successor administrator to obtain the services of an attorney to pursue the claim of the estate against the bonding company and to enter into an agreement to pay the attorneys one-third of any amount collected on a contingency fee basis. This application was sustained by the court. On April 5, 1971, the successor administrator filed suit against Mid-Continent Casualty Company in the District Court of Tulsa County, Oklahoma. The case was assigned to Judge M. M. McDougal, the same judge before whom the probate was pending. On September 9, 1971, defendant Mid-Continent Casualty Company filed with the court its motion and tender wherein it stated:

"1. It tendered to the Court the full amount of the judgment rendered against the former administrator on behalf of the Travelers Insurance Compa-

ny and, further, a reasonable successor administrator's fee and attorney for successor administrator's fee to be determined by the Court. It invited the Court's attention to the fact that the same firm represented the Travelers Insurance Company and the successor administrator was an associate of the firm so that double fees should not be allowed in the matter.

"2. The successor administrator had alleged that the only lawful claim against the estate was the claim of Travelers Insurance Company, plus a reasonable administrator's and attorney's fee to be set by the Court. That the Probate Court had on January 14, 1971, held that the former administrator should be surcharged in order to pay the estate the sum of $17,234.99, that the defendant never had its opportunity to be heard upon the issue as to whether or not the items sought in the successor administrator's motion of July 16, 1970, should be considered assets of the estate and further showed the Court that the alleged deposits were not assets of the estate.

"3. That the original administrator was the sole and only heir of Francis Merle Hunter and that it would be a futile and vain thing to require the surety company to reimburse the estate for anything in excess of claims filed and expenses of administration.

"4. That summons had been issued on the defendant's third-party claim against third-party defendant, Donald Wayne Hunter, praying that he be required to indemnify the surety for any loss which it may encounter as a result of the lawsuit.

"5. That because Mid-Continent Casualty Company was a surety of the only heir and therefore entitled to be subrogated to his rights that the Court should set off against the amounts claimed by the plaintiff any amount over and above the judgment in favor of the Travelers Insurance Company."

On November 22, 1971, the court heard plaintiff's motion for summary judgment and defendant's oral motion for default judgment against third-party defendant and entered its order, which was subsequently filed of record on January 6, 1972, wherein the court found: The third-party defendant, although properly served, was in default; that there was no substantial controversy as to any material fact or issue between the parties; on January 14, 1971, Donald Wayne Hunter, the principal of defendant, Mid-Continent Casualty Company was surcharged the sum of $17,234.99, plus interest at the rate of 10% per annum from June 1, 1967, as a result of conversion of said amount of money to his personal use to the exclusion and detriment of the estate; that he was the administrator of the estate at the time the conversion was made and that the defendant, Mid-Continent, had furnished his administrator's bond in the amount of $20,000.00; that the total amount due from Donald Wayne Hunter to the plaintiff as of the date of the judgment was $24,847.09 including interest to date but that the limit of defendant surety's bond was $20,000.00; and that plaintiff was entitled to judgment of and from defendant in the sum of $20,000.00 plus interest at the rate of 10% per annum from and after date of judgment.

Further the motion for default judgment on behalf of the defendant was sustained and *judgment was entered in favor of the defendant Mid-Continent Casualty Company* against third-party defendant in the sum of $20,000.00 plus interest at the rate of 10% per annum from and after date of judgment until paid, and in the event that Donald Wayne Hunter was otherwise entitled to any of the assets of the estate of Francis Merle Hunter, Mid-Continent Casualty Company should be entitled to receive same for the full extent of its judgment against third-party defendant but no greater. This judgment was not appealed from.

Thereafter the successor administrator made the required disbursements, finished probate of the estate and filed his final accounting and petition for order allowing final account, determination of heirship, distribution and discharge.

Mid-Continent filed objections to the final accounting. The successor administrator filed a motion to strike the pleadings filed by Mid-Continent and on April 21, 1972, the court sustained the motion to strike the pleadings of Mid-Continent.

The court then proceeded to hear evidence of the successor administrator in support of his petition for final accounting and discharge in which he made the necessary findings regarding notice of hearing, payment of expenses, the payment of taxes, payment of all debts and claims against the estate, and that the administrator being an attorney employed by the law firm of Sanders, McElroy & Carpenter waived his fee by electing that fees be paid to the attorneys for the administrator. The court then ordered that the administrator's final account, including the item for *contingent fees to the law firm of Sanders, McElroy & Carpenter, be approved in all respects*; and that the hearing on the setting of an attorney's fee for the administration of the estate should be continued until May 2, 1972.

On May 5, 1972, subsequent to its hearing in which the court heard testimony regarding the reasonableness of attorney fees for the successor administrator's handling of the estates, the court entered its order finding that the attorneys for the successor administrator were entitled to be paid the amount of $2,160.00 for their services rendered therein and that the administrator should make such payment from the fund remaining in his hands; that by reason of the assignment from Edna Faye Hunter to Donald Wayne Hunter said Donald Wayne Hunter would be entitled to distribution of the monies remaining in the hands of the administrator but for the reason that the judgment against Donald Wayne Hunter by Mid-Continent Casualty Company was a lien upon the funds otherwise distributable to Donald Wayne Hunter, then the monies should be paid by the administrator as further ordered therein; that after payment of attorneys fees and all other proper payments by the administrator, the funds remaining in the hands of the administrator should be paid to Mid-Continent Casualty Company pursuant to the findings of the court; and, upon distribution having been made and upon attorneys fees, court costs and other proper expenses having been paid from the amount remaining in his hands, the administrator should file in this cause his proper receipts and vouchers therefor and having filed such vouchers, receipts and evidence of payment, the administrator should be discharged from further duties herein and his surety exonerated.

Mid-Continent appeals and alleges as its first proposition, as follows:

"The Judge presiding over the Probate Division of the District Court committed prejudicial and reversible error when he sustained the administrator's motion to strike the surety's objections."

58 O.S.1971, § 634.1 provides as follows:

"A judgment creditor of an heir, legatee or devisee of an estate shall, *in addition to any other remedies now or hereafter provided by law*, have the right to petition in probate for total distribution of the estate in the same manner and to the same extent that any person interested in the estate may do under the probate procedure. For the purpose of this act, *a judgment creditor means a person who has reduced his claim to a final judgment*." (Emphasis supplied.)

58 O.S.1971, § 554 provides as follows:

"On the day appointed, or any subsequent day to which the hearing may be postponed by the court, *any person interested in the estate may appear and file his exceptions in writing to the account, and contest the same*." (Emphasis supplied.)

Appellant states in its brief "There have been no previous Oklahoma cases involving the circumstances presented in this

proceeding", and appellee has furnished this court no legal authority. From the reading of the two statutes, supra, we have no doubt that the Legislature intended that a judgment creditor may appear as set out in 58 O.S.1971, § 554, file his exceptions and be heard on same, and we so hold.

Appellant next complains,

"The Probate Division erred in approving the administrator's payment of a contingency fee to his attorneys, absent proof of the good faith and necessity of hiring the attorneys and the reasonableness of their fee."

Appellant cites among other cases, the case of In re White's Estate, Okl., 52 P.2d 1074, wherein the syllabus states:

"Ex parte orders for the allowance and payment of fees to an administrator are simply advisory. Such orders are not res judicata, and the fees may be contested upon the settlement of the final account of the administrator.

"Ex parte orders for the allowance and payment of fees to an attorney employed by an administrator are not res judicata, and the fees may be contested upon the settlement of the final account of the administrator. . . .

"The burden is on an administrator to prove the correctness of his final account."

 The record reveals that at the hearing conducted by the court on April 21, 1972, transcribed and made a part of this record, the court ruled that Mid-Continent was not a party in interest and sustained the motion to strike Mid-Continent's objections. Although the court allowed attorneys for Mid-Continent a limited cross examination privilege, the court would not allow the matter of the ex parte order and the amount of the contingent fee to be inquired into. Further the court required no testimony of the successor administrator regarding the reasonableness of said contingent fees before approving same. We hold said action by the court was prejudicial error. See In re White's Estate, supra.

Appellant next complains that the attorney's fee awarded the administrator for administering the estate was excessive and should be reduced. In that this case is being remanded for further proceedings, we will not pass on appellant's third argument.

It is therefore ordered that the order allowing interim attorney's fees and the court's final order allowing additional attorney fees and ordering distribution, be set aside and held for naught, and that a new hearing be had in conformity with the rulings herein.

Reversed and remanded with instructions.

ROMANG and BAILEY, JJ., concur.