The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Pursuant to Title 41 O.S. 130 [41-130](B) of the Oklahoma Residential Landlord and Tenant Act of the Oklahoma Statutes, may a landlord rightfully seize and sell personal property abandoned by a defaulting tenant for the purpose of satisfying past due rental payments where the personal property was not actually owned by the defaulting tenant but was in his possession when abandoned? This opinion concerns itself only with the disposal of property by a landlord under 41 O.S. 130 [41-130](B). The disposition by the landlord of personal property left in dwelling units which have been abandoned or surrendered is controlled by 41 O.S. 130 [41-130](B) (1978). This section of the Oklahoma Residential Landlord and Tenant Act permits the landlord to take possession of any personal property remaining on the leased premises after the tenant has abandoned or surrendered possession of the premises. It also permits the landlord to sell or otherwise dispose of the property after there has been a hearing and a judicial determination that the property has been abandoned for thirty (30) days. It is the landlord who sets into motion this judicial proceeding by filing a verified petition listing, inter alia, the name of the tenant or presumed owner of the property and the names and addresses of any secured parties of record having an interest in the property. The statute requires that notice of this hearing be made by publication in a newspaper of general circulation in the county in which the leased dwelling unit is located and by mail to the tenant at his last-known address and to the secured creditors of record. Where a landlord has notice of a third party's ownership of personal property, the statute requires the listing of that person's name in the verified petition. Also, where the landlord has knowledge of third party ownership, notice should also be given to that individual. Once the landlord gives notice by publication and notice by mail to the tenant, the statutory requirements have then been fulfilled. Article II, Section 7 of the Oklahoma Constitution states that "no person shall be deprived of life, liberty or property, without due process of law," and procedural due process has been interpreted to be comprised of notice and an opportunity to be heard. In re: White's Estate, 175 Okla. 439, 52 P.2d 1074 (1936). This means "adequate notice and a realistic opportunity to appear at a hearing in meaningful time and in a meaningful manner." First National Bank v. Oklahoma Savings Loan Board, Okla. 569 P.2d 993 (1977). The notice required in the statute is reasonably calculated to apprise the tenant, the secured creditors and any interested parties of the pending hearing. Therefore, once the landlord has satisfied the notice requirements he has fulfilled his responsibilities under the statute. It is, therefore, the official opinion of the Attorney General that your question be answered as follows: In proceedings under 41 O.S. 130 [41-130](B) (1978), a landlord may seize and sell personal property abandoned by a defaulting tenant, where the procedures required by the statute are satisfied and judicially so determined. (KAY HARLEY JACOBS) (ksg)